TRUEMAN T. REMBUSCH, JR. AND LINDA A. REMBUSCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rembusch v. Commissioner
Docket No. 9140-76.
United States Tax Court
T.C. Memo 1979-73; 1979 Tax Ct. Memo LEXIS 455; 38 T.C.M. (CCH) 310; T.C.M. (RIA) 79073; March 5, 1979, Filed Trueman T. Rembusch, Jr., pro se. Diane L. Fox, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Addition to Tax Year
Deficiency
Sec. 6651(a) [1]
1973
$ 1,571.47
$ 348.37
1974
2,654.00
635.50
The three issues presented *456 for our decision are: (1) whether petitioner Trueman T. Rembusch, Jr. is entitled to claimed automobile and entertainment expenses in the total amounts of $ 8,399 for 1973 and $ 13,534 for 1974; (2) whether petitioner Trueman T. Rembusch, Jr. is liable for self-employment tax as a result of additional earned income for the year 1973; and (3) whether petitioners are liable for the additions to tax under section 6651(a) because of their failure to file timely their Federal income tax returns for the years 1973 and 1974. FINDINGS OF FACT Some of the facts are stipulated and are so found. Trueman T. Rembusch, Jr. and Linda A. Rembusch (hereinafter petitioners) are husband and wife whose legal residence was in Solsberry, Indiana, when they filed their petition in this case. Petitioners hand delivered or mailed their joint Federal income tax returns for the calendar years 1973 and 1974 to the Office of the District Director of Internal Revenue, Indianapolis, Indiana, on November 24, 1975. Petitioners did not file Form 2688 (Application for Extension of Time to File) with the Office of the District Director of Internal Revenue of Indianapolis, Indiana, the Internal Revenue *457 Service Center in Memphis, Tennessee, or with any individual representing the Internal Revenue Service requesting an extension of time in which to file their joint Federal income tax returns for the taxable years 1973 and 1974. Petitioners did not file a request for an extension of time in the form of a letter with the Office of the District Director of Internal Revenue of Indianapolis, Indiana, the Internal Revenue Service Center in Memphis, Tennessee, or with any individual representing the Internal Revenue Service requesting an extension of time in which to file their joint Federal income tax returns for the taxable years 1973 and 1974. A statutory notice of deficiency for the taxable years 1973 and 1974 was sent to petitioners by the Office of the District Director of Internal Revenue at Indianapolis, Indiana, on July 30, 1976. During the years 1973 and 1974 Trueman T. Rembusch, Jr. (hereinafter petitioner) was an insurance and steel salesman. He sold insurance for American United Life Insurance Company and maintenance steel for Baldwin Steel Company during those years. On their joint Federal income tax returns for the years 1973 and 1974 the petitioners reported gross *458 income in the respective amounts of $ 12,095 and $ 19,538. They claimed automobile and entertainment expenses as a result of petitioner's salesman positions in the amounts of $ 8,399 for 1973 and $ 13,534 for 1974. For each year the claimed automobile and entertainment expenses were itemized by petitioners on Form 2106 (Employee Business Expenses) as follows: 1973
Automobile Expenses
(based on 41,432 miles)
$ 4,893
Lunch and Entertainment
3,506
1974
Automobile Expenses
(based on 73,201 miles)
$ 8,070
Presents - Sales Aid
690
Lunch and Entertainment
4,774
Petitioner did not offer any receipts, checks, statements, memoranda or other documents to support his claimed automobile and entertainment expenses for 1973 and 1974. Petitionr did not keep any receipts for business lunches claimed for 1973 and 1974. He did not incur any expenses in excess of $ 25 on each occasion during those years. All such expenses were paid in cash. Petitioner did not prepare a detailed record or diary of the alleged mileage incurred to and from the locations of clients and prospective clients or the mileage incurred as a result of entertaining clients and/or prospective *459 clients at the time the mileage was allegedly incurred in 1973 and 1974. He wrote at the beginning of a week what his mileage was and then wrote down the mileage at the end of the week. At a later time this information was transferred to a "diary." Petitioner did not prepare a diary of his entertainment expenses at the time the expenses were allegedly incurred in 1973 and 1974. However, he did prepare in either 1976 or 1977 a "diary" of entertainment expenses allegedly incurred in 1973 and 1974. The "diary" prepared by the petitioner for the entertainment expenses he allegedly incurred in 1973 and 1974 was printed in 1975. Petitioner failed to establish that he had backup material consisting of receipts, statements, or memoranda showing alleged automobile and entertainment expenses for 1973 or 1974 at the time he made entries into his "diary" in 1976 or 1977. Petitioner did not produce any evidence proving he made gifts in 1974 for business purposes. Petitioner's inability to produce documents, receipts, cards or memoranda to support his claimed entertainment expenses for 1973 and 1974 was not due to circumstances beyond his control. He apparently returned all of the *460 alleged supporting documents to Baldwin Steel Company in 1977. However, he had ample opportunity to copy this alleged material before returning it to Baldwin Steel. Petitioner never produced to anyone in the Internal Revenue Service any supporting records for the entries in the "diary" of entertainment expenses for 1973 and 1974. Schedule SE (Computation of Social Security Self-Employment Tax) was not attached to the copy of the petitioners' joint 1974 Federal income tax return filed with the Internal Revenue Service. However, the petitioners listed on Line 55, Self-employment tax, of their joint 1974 Federal income tax return the amount of $ 244. For the year 1973 petitioner Trueman T. Rembusch, Jr. received Forms W-2 (Wage and Tax Statements) from Jim J. Long, d/b/a Industrial Packing & Seal Co., indicating wages received in the amount of $ 1,800 and from American United Life Insurance Company, indicating wages received in the amount of $ 4,877.57. He also received Statements for Recipients of Miscellaneous Income from National Fidelity Life Ins. Co., indicating commissions and fees received in the amount of $ 401.40 and from Margrat, Inc., indicating director's fees *461 received in the amount of $ 100 during 1973. For the year 1974 the petitioner received Forms W-2 (Wage and Tax Statements) from American United Life Insurance Company, indicating wages received in the amount of $ 6,518.77, and from Baldwin Steel Company, indicating wages received in the amount of $ 3,595.81. In addition, he received Statements for Recipients of Miscellaneous Income from Baldwin Steel Company indicating commissions and fees of $ 7,484.19 and other fixed or determinable income of $ 738.98 received by him during that year.
On line 37 of the petitioners' 1974 Federal income tax return they listed Director's fees of $ 1,200 and Commissions of $ 8,228, for a total of $ 9,428 of other income. Petitioners reported $ 4,916 as dividend income on their 1973 joint Federal income tax return. In 1972 the Internal Revenue Service levied on petitioner's insurance renewals which resulted in the loss of his house, car, credit, and job. ULTIMATE FINDINGS OF FACT 1. Petitioner failed to substantiate any of his claimed entertainment and gift expenses for the years 1973 and 1974. 2. Petitioner is entitled to a deduction for automobile business expenses of $ 2,750 for *462 1973 and $ 3,250 for 1974. 3. Petitioner is liable for self-employment tax on his additional earned income for the year 1973. 4. Petitioners failed to prove that the late filing of their 1973 and 1974 joint Federal income tax returns was due to reasonable cause and not to willful neglect. OPINION This case involves three factual issues with respect to which the petitioners have the burden of proof. 1. Entertainment, Gift, and Automobile Expenses. All we have here is the oral testimony of petitioner, which is rather vague and incomplete, regarding his claimed expenditures for entertainment and gift expenses. His testimony is uncorroborated. The entire record herein is devoid of any tangible proof substantiating the claimed expenses. Petitioner has failed to meet the criteria for substantiation set forth in section 274(d) and section 1.274-5(a), (b) and (c), Income Tax Regs.
We note that the inability of petitioner to produce any supporting documents for his claimed gift and entertainment expenses was not due to circumstances beyond his control. He stated he had to *463 return all of his supporting documents to Baldwin Steel Company in 1977. However, he had ample time to copy the alleged material before returning it to Baldwin Steel, i.e., approximately three or four years. Furthermore, the return of alleged documents to Baldwin Steel in no way affected his ability to produce receipts, documents, cards or memoranda to support his claimed gift and entertainment expenses allegedly incurred as a result of his employment as an insurance salesman for American United Life Insurance Company. In these circumstances the "loss" of the claimed documents does not come within the guidelines of section 1.274-5(c), Income Tax Regs. The petitioner must provide adequate records to corroborate his testimony to be entitled to the claimed expenses. Barry v. Commissioner,T.C. Memo. 1978-250; Herrick v. Commissioner,T.C. Memo. 1977-171. Section 1.274-5(c)(2), Income Tax Regs., requires a taxpayer to record the elements of entertainment expenses contemporaneously with each expenditure *464 in order to qualify for the "adequate records" substantiation of such expenses. Here the petitioner prepared the "diary" in either 1976 or 1977, approximately three or four years later, either with or without using the alleged underlying supporting documents. The record regarding the exact year of preparation and how entries were made in the "diary" is very confusing in view of petitioner's contradictory testimony. Consequently, any information derived therefrom would fail to provide substantiation of the claimed expenses for lack of contemporaneous preparation. Petitioner's claimed expenses for business gifts must also fail because the record shows no proof that the alleged expenses were actually paid for by the petitioner. The evidence here is insufficient to support the petitioner's claimed automobile expenses incurred while he was an insurance and steel maintenance salesman. His uncorroborated testimony is not supported by any documentary evidence. The business mileage reflected on Form 2106 appears to us to be excessive, and there is nothing in the record indicating whether the petitioner's automobile was used exclusively for business purposes. However, we recognize that *465 expenditures incurred in operating and maintaining an automobile in connection with the carrying on of a taxpayer's business are deductible as business expenses to the extent that they are ordinary and necessary. Of course, a common and familiar instance of substantial use of an automobile in one's trade or business is that of an outside salesman, who as an employee is generally permitted to deduct his automobile expenses in travel status even if not away from home. Section 62(2)(D). In the circumstances of this case, where the petitioner has not adequately substantiated his automobile expenses and has not allocated between those expenses incurred for personal use and those incurred for business use, the best we can do is apply the Cohan rule (39 F.2d at 544) and make an approximation, bearing heavily upon the petitioner whose inexactitude is of his own making. Therefore, we have allowed automobile expenses of $ 2,750 for 1973 and $ 3,250 for 1974, as reflected in our ultimate findings of fact. 2. Self-employment Tax. For 1973 the largest amount of income from *466 wages and self-employment earnings subject to social security tax was $ 10,800. The petitioner reported wages of $ 6,678 on his 1973 return. The total amount ($ 6,678) of wages received by him is composed of $ 1,800 received from Jim J. Long, d/b/a Industrial Packing & Seal Co., and $ 4,878 received from American United Life Insurance Company. Petitioner failed to properly report his director's fees from Margrat, Inc. in the amount of $ 100 and his commissions from National Fidelity Life Insurance Company in the amount of $ 401.40 as self-employment income on his 1973 return. In addition, the respondent asserts, and we agree, the $ 4,916 "dividend income" reported on the 1973 return is commission income received from Baldwin Steel Company, and therefore subject to self-employment tax. However, only $ 3,621 of the $ 4,916 is subject to self-employment tax because $ 10,800 is the maximum amount of income subject to social security tax for the year 1973. Petitioner testified that he received about $ 5,000 in 1973 as a "dividend" on 300 shares of Margrat, Inc. stock. However, he did not complete Schedule B to his 1973 return for this alleged dividend or produce a Form 1099 (Statement *467 for Recipients of Miscellaneous Income) to support the claimed dividend source of the income. Petitioner also testified that he sold insurance and maintenance steel for American United Life Insurance Company and Baldwin Steel Company during the years 1973 and 1974. However, his Forms W-2 (Wage and Tax Statements) indicate that he was not an employee of Baldwin Steel Company during 1973. Furthermore, he failed to report any income, wages or commissions, on his 1973 return as being received from Baldwin Steel Company while alleging that he incurred automobile and entertainment expenses as a result of his position as a maintenance steel salesman for the company in 1973.
During 1974 the petitioner was both an employee and a commission salesman for Baldwin Steel Company. He paid self-employment tax on the commissions he received during that year.Petitioner has alleged no error regarding his payment of self-employment tax for 1974. It is our view that he was a commission salesman for Baldwin Steel Company during both 1973 and 1974. Therefore, we think the petitioner is liable for self-employment tax on his self-employment earnings received from Baldwin Steel Company in 1973. Accordingly, *468 we hold that the petitioner is liable for self-employment tax on his reported 1973 director's fees of $ 100 received from Margrat, Inc., the commission income of $ 401 received from National Fidelity Life Insurance Company, and $ 3,621 of the amount received as commissions from Baldwin Steel Company. 3. Additions to Tax under Section 6651(a).
Petitioners' Federal tax returns for 1973 and 1974 were due on April 15, 1974, and April 15, 1975, respectively. They were not filed until November 24, 1975. Petitioners have the burden of showing that their failure to file timely returns was due to reasonable cause and not to willful neglect. Neubecker v. Commissioner,65 T.C. 577 (1975); Bebb v. Commissioner,36 T.C. 170 (1961). A mere showing that the delinquency in filing the returns was not due to willful neglect is not sufficient; the petitioners must also show the presence of reasonable cause. Aptitude Associates, Inc. v. Commissioner,324 F. 2d 499 (4th Cir. 1963), affg. T.C. Memo. 1962-281. Petitioner admitted in *469 his testimony that he and his wife were negligent and that there was no reasonable cause to excuse their late filing of the returns for 1973 and 1974.Accordingly, we hold that the petitioners are liable for the additions to tax under section 6651(a). To reflect our conclusions herein, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated.↩