WILLIAM M. BEBB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74057.   Filed April 27, 1961.

*Irving Frederick, Esq.,* for the petitioner.
*William F. Chapman, Esq.,* for the respondent.

TRAIN, *Judge:* Respondent determined deficiencies in the petitioner's income tax and additions to tax for the calendar years 1954 and 1955 as follows:

| Year | Deficiency | Additions to tax, sec. 6651(a) |
|---|---|---|
| 1954 | $926.09 | $226.65 |
| 1955 | 5,211.75 | |

The issues for decision are:

(1) Whether petitioner is entitled to exclude income earned between January 18, 1954, and October 1, 1955, inclusive, under section 911(a) (2) [1] of the Internal Revenue Code of 1954; [2] and

(2) Whether petitioner is liable for additions to tax under section 6651(a) of the Internal Revenue Code of 1954.[3]

FINDINGS OF FACT.

Some of the facts have been stipulated and are hereby found as stipulated.

---

[1] SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.
(a) GENERAL RULE.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle;

\* \* \* \* \* \*

(2) PRESENCE IN FOREIGN COUNTRY FOR 17 MONTHS.—In the case of an individual citizen of the United States, who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or an agency thereof) if such amounts constitute earned income (as defined in subsection (b)) attributable to such period; \* \* \*

[2] So far as pertinent here, the provisions of section 911(a) of the 1954 Code are the same in effect as those of section 116(a) of the 1939 Code.

[3] SEC. 6651. FAILURE TO FILE TAX RETURN.
(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

The petitioner, William M. Bebb, is a citizen of the United States. Petitioner filed his Federal income tax returns for the years 1954 and 1955 with the district director of internal revenue, Lower Manhattan, New York.

The petitioner served as chief engineer aboard the SS *Phoenix* (hereinafter referred to as the *Phoenix*), an oil tanker under a Liberian registry, from January 31, 1954, through August 17, 1955. Petitioner left New York City on January 18, 1954, by air, and arrived at Tokyo, Japan, on January 22, 1954. He then joined the *Phoenix* at Kure, Japan, which sailed for Singapore on January 31, 1954. Petitioner served continuously aboard the *Phoenix* from January 1954 until he received his final pay on August 17, 1955, in Frawley, England. The *Phoenix* operated outside of United States ports and in foreign waters from January 31, 1954, until May 5, 1955, when it arrived at Marcus Hook, Pennsylvania, for repairs. The *Phoenix* departed from Baltimore, Maryland, on May 24, 1955, with petitioner aboard, for Banias, Syria. Petitioner, on leaving the *Phoenix* in Frawley, England, on August 17, 1955, vacationed in Europe until October 2, 1955, when he returned to the United States.

The pay records of Universe Tankships, Inc., petitioner's employer, show salaries earned by petitioner for his services as chief engineer aboard the *Phoenix* and the Federal income tax withheld as follows:

| Period | Earnings | Tax withheld |
|---|---|---|
| Jan. 18, 1954—Dec. 31, 1954 | $12,465.76 | $2,033.60 |
| Jan. 1, 1955—Aug. 17, 1955 | 11,718.05 | 1,995.40 |

Salaries paid to petitioner by Universe Tankships, Inc., for periods from January 18, 1954, through August 17, 1955, were not income from the United States Government, or any agency or instrumentality thereof.

Petitioner applied for and received an extension of time to September 15, 1955, in which to file his income tax return for 1954. On or about November 21, 1955, petitioner filed a claim for refund with the district director of internal revenue, Lower Manhattan, New York. On or about December 6, 1955, petitioner was notified by the district director that it would be necessary for him to file income tax returns in order to process his claim for refund. Petitioner filed his 1954 Federal income tax return on or about March 14, 1956. Petitioner's failure to file his income tax return for 1954 until March 14, 1956, was not due to reasonable cause but due to willful neglect.

Petitioner was not present in a foreign country or countries 510 full days of 18 consecutive months between January 18, 1954, and October 2, 1955.

OPINION.

Respondent conceded on brief that the petitioner earned $12,465.76 in 1954 and $11,718.05 in 1955 rather than the amounts he allocated to the respective years in the deficiency notice. This concession will be given effect in a Rule 50 computation.

*Issue 1.*

The question for decision is whether the petitioner, during a period of 18 months, was present in a foreign country or countries for at least 510 full days within the meaning of section 911(a)(2) of the 1954 Code. The area of difference between petitioner's position and that of the respondent is the definition of the term "present in a foreign country or countries." If the petitioner were present in a foreign country or countries by virtue of being aboard a Liberian vessel, owned by a Liberian corporation and governed by the laws of Liberia, then the petitioner qualifies under section 911(a)(2) and his earned income allocable to that period will be excluded from taxable income.

It is petitioner's contention that being aboard a foreign vessel as a member of that vessel's crew is tantamount to being in the foreign country under which the vessel was registered, since petitioner was subject to the laws of that foreign nation and since he was traveling over international waters. Petitioner contends he was, therefore, present in a foreign country as required by the statute. Petitioner contends that the 510-day provision of the current statute is a modification of predecessor statutes and that Congress intended that physical absence from the United States for the required time be sufficient to bring individuals within the statute.

Respondent contends that petitioner fails to meet the requirements of section 911(a)(2) because he was not *physically* present in a foreign country for 510 full days during a period of 18 consecutive months.

We agree with the respondent. In construing an earlier provision [4] for the exclusion of earnings abroad from gross income, it was concluded that the physical presence of the taxpayer was the factor determinative of his geographical location. *Downs* v. *Commissioner*,

---

[4] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25(a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

166 F. 2d 504 (C.A. 9, 1948), affirming *J. Gerber Hoofnel*, 7 T.C. 1136 (1946), certiorari denied 334 U.S. 833 (1948). In its ordinary acceptation, the word "present," as used in section 911(a)(2), connotes physical location. Cf. Webster's New International Dictionary (2d ed. 1950). Only by the operation of some amiable legal fiction can one who is physically outside a country on the high seas be present in that country. We do not find Congress intended that such a concept of presence should prevail in such a situation. *Frank Souza*, 33 T.C. 817 (1960).

We hold, therefore, that petitioner has failed to prove he was present in a foreign country or countries for 510 full days during 18 consecutive months within the meaning of section 911(a)(2).

### Issue 2.

The question for decision is whether petitioner had reasonable cause for filing his 1954 Federal income tax return late. The burden of proof is on the petitioner to establish that reasonable cause existed for failing to file his return when due. The facts show only that petitioner failed to file his 1954 Federal income tax return until sometime in March 1956. There is no evidence to show why such a delay occurred. Petitioner has failed to sustain his burden of proof, accordingly, the respondent's determination is sustained.

*Decision will be entered under Rule 50.*