PHILIP A. ERNST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ernst v. Commissioner
Docket No. 6026-73.
United States Tax Court
T.C. Memo 1975-217; 1975 Tax Ct. Memo LEXIS 164; 34 T.C.M. (CCH) 942; T.C.M. (RIA) 750217; June 30, 1975, Filed Ira Kass, for the petitioner. Peter Matwiczyk, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for 1966 and an addition to tax under section 6651(a), I.R.C. 1954, in the amounts of $8,094.87 and $2,023.71, respectively. The notice of deficiency issued to petitioner was dated March 26, 1973. In his *165 petition, petitioner raised the statute of limitations as a bar to the assessment and collection of the deficiency. In his answer, respondent alleged as a defense to the statute of limitations that petitioner did not file an income tax return for 1966. While petitioner asserted at trial that he would file an amended petition contesting the deficiency on the ground that some of the income charged to petitioner was actually that of his wife, no such amended petition was filed and no evidence was offered to prove the proposed allegation. Thus, the only issue for decision is whether petitioner filed an income tax return for the year 1966. FINDINGS OF FACT Petitioner's legal residence on the date of filing the petition herein was 20 A Dubnov Street, Tel Aviv, Israel. During 1966, the taxable year here involved, petitioner was a self-employed physician with his legal residence at 22 Farragut Avenue, May's Landing, N.J. Petitioner filed income tax returns for the years 1954 through 1964; those years were examined and were the subject of a case before the Tax Court at docket No. 1831-68. A stipulated decision was entered in that case on October 28, 1969. Petitioner also filed an income *166 tax return for the year 1965 and income tax returns for the years 1967 through 1973. Petitioner's taxable years 1965, 1966, and 1967 were the subject of an audit by an internal revenue agent in 1968 and 1969. During the course of that audit the agent advised petitioner that the Internal Revenue Service had no record of a tax return being filed by petitioner for 1966 and asked petitioner if he had a copy of the return. Petitioner did not profer a copy of his 1966 return at that time. Sometime in 1969 the revenue agent also asked petitioner for a Form 872 to extend the statute of limitations for the year 1966. Petitioner departed for Israel in the latter part of 1969; whereupon the audit of his 1965-67 tax years was transferred to the Office of International Operations of the Internal Revenue Service. Petitioner was contacted by mail in 1971 by an agent from that office and was asked for a copy of his 1966 income tax return. In 1973 petitioner returned to the United States and tendered to the agent what purported to be a copy of a joint income tax return for petitioner and his wife for the taxable year 1966. The copy of the return was not in petitioner's handwriting and it was not *167 signed by petitioner, his wife, or anyone else. The notice of deficiency which is the foundation of this case was based on that return. Petitioner engaged not only in his medical practice but also in numerous securities and real estate transactions and his tax returns were complicated. For several years prior to 1966 petitioner's tax returns were prepared by Jack S. Block, a CPA with the accounting firm of Block, Bryen & Co. of Camden, N.J. Block died on September 23, 1965. In 1966 petitioner asked Fred Bryen of the same firm to take over the work of preparing his tax returns, but Bryen declined to do so. Petitioner's tax returns for 1967 and subsequent years were prepared by Ira Kass, the attorney representing petitioner in this case. A search of documents filed in the Internal Revenue Service Office in Newark, N.J., by the person having custody thereof and in the Internal Revenue Service Office for Manhattan, N.Y., by the person having custody thereof disclosed no return filed in the name of petitioner for the year 1966. Petitioner's residence in 1966-68 was in the Newark area. The tax shown to be due on the 1966 return filed by petitioner in 1973 showed a tax due in the amount *168 of $2,427.65. Petitioner and his wife maintained two bank accounts during the period 1966-1974, one in Israel and one in May's Landing. The bank records of the Israel Discount Bank for petitioner's account do not reflect a check drawn in the amount of $2,427.65. Petitioner was unable to produce records of his May's Landing bank account. In response to respondent's subpoena to produce any documents relating to the payment of his 1966 income tax, petitioner produced several checks made payable to Jack S. Block drawn in years prior to 1966 but he produced no check showing a payment of income tax for 1966 or payment for accounting services in preparing his 1966 income tax return. ULTIMATE FINDINGS OF FACT Petitioner failed to file an income tax return for the taxable year 1966 prior to 1973. Petitioner's failure to file a timely return for 1966 was not due to reasonable cause. OPINION The notice of deficiency in this case was mailed more than 3 years after petitioner's return for 1966 should have been filed. Petitioner pleaded the statute of limitations as a bar to the assessment and collection of the deficiency. Sec. 6501(a), I.R.C. 1954. Respondent relies on section 6501(c)(3) *169 of the Code to avoid the statute of limitations. That section provides that if no return is filed the tax for that year may be assessed or collected at any time. We find from all the evidence that petitioner did not file a return for 1966. Since petitioner did not place in issue the amount of the deficiency, decision will be entered for respondent for the amount of the deficiency determined in the notice of deficiency. Respondent offered evidence to show that the records of the Internal Revenue Service reflect that no return was received from petitioner for the year 1966 in either the Newark, N.J., office, where it should have been filed, or the New York office where it might have been filed. Respondent's evidence also shows that the revenue officer who audited petitioner's taxable years 1965-67 in 1968 and 1969 advised petitioner that the Internal Revenue Service had no return for petitioner for the year 1966 and asked him for a copy of his return, which petitioner did not supply. It was not until petitioner returned to this country in 1973 that he provided respondent with what he claimed was a copy of his 1966 return. The copy was not in petitioner's handwriting, was not dated *170 or signed, and petitioner did not know who had prepared it, except that he believed it had been prepared by an accountant. Respondent also offered evidence to prove that petitioner had not paid the tax shown to be due on the copy of the return by check. Petitioner offered his own testimony that for years prior to 1966 he had had Jack S. Block prepare his tax returns and he believed that Block had prepared his 1966 return for him. He had no definite recollection of filing the return or paying the tax due. On the other hand, the evidence is clear that Block died in the fall of 1965 before he could have prepared petitioner's 1966 return. Petitioner testified that he talked to Bryen, Block's partner, about taking over the job of preparing his tax returns, but he and Bryen could not agree on terms so Bryen did not prepare any returns for petitioner. This is borne out by Bryen's statement. Petitioner testified further that he then asked Ira Kass, his attorney, to prepare his returns, which Kass did for the years 1967 and subsequent, but that no one had prepared his returns except Block and Kass. Petitioner also testified that his return was too complicated for him to prepare himself. Although *171 called upon to do so, petitioner could not produce any evidence that he had either paid any tax for 1966 or paid anyone for preparing a return for him. Petitioner also claims that certain information had to be obtained from his 1966 return in order for Kass to properly prepare his 1967 return. However, we have no testimony from Kass on the subject and no evidence that Kass ever saw a copy of petitioner's 1966 return. We think it is overwhelmingly clear from the evidence that petitioner did not file a return for 1966. We can only surmise that when Block died and petitioner was unable to make arrangements with Bryen to prepare his returns for him he simply overlooked filing the 1966 return because he had no one to prepare it for him. At the time the return was due petitioner was not only engaged in his medical practice and other business activities but was also involved in litigation in the Tax Court regarding his taxes for 1954-1964. We find no evidence that petitioner intentionally failed to file a return for 1966 but neither can we find evidence that his failure to file the return was due to reasonable cause. We find no merit in petitioner's argument that respondent should be *172 estopped from assessing the tax for the year 1966 by laches. Since petitioner did not provide respondent with a purported copy of his 1966 return until late 1972 or 1973, respondent cannot be defaulted for failing to make a jeopardy assessment until March of 1973. Respondent determined that petitioner was liable for an addition to tax under section 6651(a) for failure to timely file a return for 1966. The burden is on petitioner to prove that the failure to file a return was not intentional and also that it was due to reasonable cause. Proof that it was unintentional is not enough. Rubber Research Inc. v. Commissioner,422 F.2d 1402 (C.A. 8, 1970); Breland v. United States,323 F.2d 492 (C.A. 5, 1963); William M. Bebb,36 T.C. 170 (1961). Petitioner has failed to carry his burden of proof that his failure to file a return for 1966 was due to reasonable cause, so we must hold for respondent on this issue as well. Decision will be entered for the respondent.