WILLIAM E. TERRY and HAZEL B. TERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terry v. Commissioner
Docket No. 6743-74.
United States Tax Court
T.C. Memo 1978-81; 1978 Tax Ct. Memo LEXIS 430; 37 T.C.M. (CCH) 389; T.C.M. (RIA) 780081; February 28, 1978, Filed *430 Respondent's determination disallowing business losses claimed on petitioners' return for 1970 and additions to tax for delinquency (sec. 6651(a), I.R.C. 1954) and negligence (sec. 6653(a), I.R.C. 1954) sustained. Petitioners failed to carry their burden of proving error in respondent's determination. Respondent's failure to afford petitioners an administrative hearing before issuing notice of deficiency is not a denial of due process. Josh Don Curnell III, for the petitioners. William T. Overton, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1970 in the amount of $1,749.52 and additions to tax under sections 6651(a) and 6653(a), I.R.C. 1954, [1] in the amounts of $32.05 *431 and $87.48, respectively. The issues for decision are whether petitioners are entitled to deduct certain losses clamed on their return for 1970, and whether petitioners are liable for the delinquency and negligence penalties provided by sections 6651(a) and 6653(a). FINDINGS OF FACT Petitioners are husband and wife whose legal residence was Houston, Tex., at the time the petition in this case was filed. Petitioners filed a joint income tax return for the taxable year 1970 with the Director, Internal Revenue Service Center, Austin, Tex., on June 24, 1971. On the 1970 income tax return William E. Terry reported salary income from South Texas Jr. College in the amount of $113.34 and Hazel B. Terry reported salary income from Houston Independent School District in the amount of $8,427.16. The Terrys also reported gross receipts from a laundry service business, Terry's Washaterias #1 & 2, in the amount of $13,180.85, and a net loss from the business of $12,675.62; gross receipts from Terry's Tax Service and Realty Co. in the *432 amount of $3,150 and a net profit of $2,445; no gross receipts from a property management business and a net loss of $1,350; and a net loss from three rental properties totaling $1,046.38. These figures would produce an overall loss figure of $4,086.50, and the return indicated no tax due. The return also reported income tax withheld in the gross amount of $1,535.87. In the notice of deficiency respondent determined that the losses from the laundry service business in the amount of $12,675.62, from the property management business in the amount of $1,350, and from the rental properties in the amount of $1,046.38 were not allowed because petitioners had not established that they sustained those losses in those businesses. In the various documents filed as a petition and amended petitions the only error alleged was that the Internal Revenue Service had not examined any records before determining the deficiency. OPINION This case experienced numerous starts and stops before it was finally brought to trial in October of 1977. The original document received by the Court was a letter from William E. Terry which was filed as a petition on August 6, 1974. A second document that *433 was filed as an amended petition was received on August 14, 1974, and an order was issued directing petitioners to file a proper amended petition and pay the filing fee. A second amended petition was filed November 25, 1974. An answer to this petition was filed by respondent on January 13, 1975. The case was first set for trial on December 8, 1975, but upon the representations of petitioners, their counsel and counsel for respondent, it was continued to the motions calendar on May 10, 1976, for settlement purposes. After several continuances which produced no settlement, [2] the case was restored to the trial docket and was again scheduled for trial on May 9, 1977. When the case was called for trial another attorney, who now represents petitioners, appeared for petitioners and moved for a continuance because he had just been employed by petitioners. Somewhat reluctantly, the motion was granted, but the case was calendared for a report on progress or settlement at the motions calendar on June 29, 1977. When no report was forthcoming the case was again returned to the trial docket and was scheduled for trial October 17, 1977. *434 When the case was called for trial a third time petitioners and their counsel advised the Court in opening statement that they expected to prove that petitioners had not been given credit for all the taxes they had paid. The Court advised petitioners both in open Court and in conference in chambers, that the only matter the Court could consider was the correct amount of petitioners' tax liability for the year 1970 and that the Court had no jurisdiction to determine how much tax petitioners had paid or whether they were due a refund. See Robbins Tire & Rubber Co. v. Commissioner, 53 T.C. 275, 279 (1969). Petitioners were advised that the issues before the Court were whether respondent erred in disallowing the losses claimed by petitioners on their returns and that petitioners had the burden of proof on those issues. Despite such advice, the only evidence offered by petitioners at trial was testimony of petitioners relating to the taxes they had paid and the fact that respondent had not audited their records or afforded them an administrative conference before issuing the notice of deficiency. The adjustments to petitioners' taxable income determined by respondent *435 in his notice of deficiency are presumed to be correct unless petitioner proves error therein or that they were arbitrary and unreasonable. Welch v. Helvering, 290 U.S. 111 (1933). Petitioners had the burden of proving error. They offered absolutely no evidence to substantiate the expenditures which produced the losses claimed on their return and disallowed by respondent and hence have failed to carry their burden of proving error in respondent's determination. We therefore sustain respondent's determination of the deficiency in tax. Welch v. Helvering, supra.
Petitioners also had the burden of proof with respect to the additions to tax for delinquency (sec. 6651(a)), Bebb v. Commissioner, 36 T.C. 170 (1961), and negligence (sec. 6653(a)), Axelrod v. Commissioner, 56 T.C. 248, 258 (1971). Since they offered no evidence on these issues, we sustain respondent's determination. Petitioners' only argument on brief is that petitioners were entitled to an administrative hearing and appeal and an audit of their account for the year 1970 and that the failure of respondent to grant such hearing constituted a denial *436 of due process and equal protection under the Fifth and Fourteenth Amendments of the Constitution. Petitioners cite no authority for this argument. This argument was considered and rejected in Rosenberg v. Commissioner, 450 F. 2d 529 (10th Cir. 1971), affg. a Memorandum Opinion of this Court, wherein the Court pointed out that the procedural rules promulgated by respondent, 26 C.F.R. Part 601, are directory rather than mandatory and said: Due process does not require a hearing at the initial stage or at any particular point of an administrative proceeding. * * * We agree. See Rosenburg v. Commissioner, T.C. Memo. 1970-201 and cases cited therein. Petitioners' argument has no merit. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise indicated.↩
2. Petitioners apparently refused to accept a settlement negotiated by their attorney and dismissed the attorney.↩