JOHN A., JR., AND CYNTHIA W. LONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Long v. Commissioner
Docket No. 1173-74.
United States Tax Court
T.C. Memo 1978-171; 1978 Tax Ct. Memo LEXIS 344; 37 T.C.M. (CCH) 733; T.C.M. (RIA) 780171; May 9, 1978, Filed *344 Petitioners had no reasonable cause for the delay in filing their income tax return. Held, respondent properly imposed a penalty under sec. 6651(a), I.R.C. 1954. John A. Long, Jr., pro se. Susan B. Watson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a $7,967.74 deficiency and a $1,991.93 penalty under section 6651(a) in petitioners' 1969 income taxes. Because of concessions by the parties, the only issue for our resolution is whether petitioners' failure to timely file their 1969 Federal income tax return was due to reasonable cause. Some facts have been stipulated and are found accordingly. Petitioners, residents of Stony Brook, New York, when they filed their petition herein, filed their 1969 joint Federal income tax return with the District *345 Director of Internal Revenue, Philadelphia, Pennsylvania. This return, due April 15, 1970, was not filed until February 18, 1971. Although petitioners, during April 1970, requested an extension of the filing date until June 15, 1970, there is no indication that this extension was granted. No additional extensions were requested or granted. Section 6651(a) imposes a penalty for failing to timely file a Federal income tax return unless the delay was due to reasonable cause. Section 301.6651-1(c)(1), Proced. & Admin. Regs., indicates that, "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." This Court has previously adopted this standard of ordinary business care and prudence. See, e.g., Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608 (1961), affd. 302 F. 2d 42 (10th Cir. 1962). Taxpayers have the burden of proof in showing that their delay in filing was due to reasonable cause. Bebb v. Commissioner,36 T.C. 170, 173 (1961). In an attempt to show that their delay in filing was due to reasonable *346 cause John Long (hereinafter petitioner) contends he was unable to file the return before his deceased mother's records were gathered, and before her estate and income tax returns were filed. Although petitioner's mother died in November 1968, we are unable to find any direct effect her records and returns might have had on petitioners' ability to file their 1969 income tax return. Indeed, petitioner was vague as to what bearing her records and returns might have on his return. His primary assertions were that in gathering his mother's records "something might turn up" which could effect his return, and there was a loss of $1,445 as a result of his dealings with his mother's estate. We do not believe that an individual, exercising ordinary business care or prudence would delay filing income tax returns because "something might turn up." Such a vague assertion is simply not sufficient cause for a delay in filing. Further, although petitioner claimed a $1,445 loss from his dealings with his mother's estate, there is no indication he needed his mother's records or returns to determine that loss. Again, petitioner was vague as to the nature of this loss, unable to explain why this *347 loss was claimed or why his mother's records were needed to verify the loss. Finally, petitioner was unable to explain why he could not have timely filed his 1969 return and made subsequent modifications, if any, on an amended return. In sum, we do not believe that petitioners' delay in filing their 1969 Federal income tax return was due to reasonable cause. Accordingly, respondent properly assessed the penalty provided by section 6651(a). To reflect the foregoing, Decision will be entered under Rule 155.