DAVID BRUCE GILBERT and ELINOR FAYE GILBERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilbert v. Commissioner
Docket No. 1686-76.
United States Tax Court
T.C. Memo 1980-469; 1980 Tax Ct. Memo LEXIS 118; 41 T.C.M. (CCH) 222; T.C.M. (RIA) 80469; October 21, 1980, Filed David Bruce Gilbert and Elinor Faye Gilbert, pro se. Matthew Magnone, for the respondent. GOFFE
*119 MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' income tax for 1971 and 1972 in the following amounts: [1]
Taxable
Petitioner
Year
Deficiency
Addition to Tax
David B. Gilbert
1971
$33,259.52
$16,629.76 (6653(b)) [2]
1972
28,578.67
14,289.34 (6653(b)) [3]
Elinor F. Gilbert
1971
$32,989.52
6,430.00 (6651 (a)) [4]
1,649.00 (6653(a)) [5]
1972
28,229.92
7,057.00 (6651(a))
1,411.00 (6653(a))
*120 The issues for decision are: (1) whether respondent's determinations of petitioners' incomes for their taxable years 1971 and 1972 are correct; (2) whether Petitioner Elinor F. Gilbert is liable for additions to her tax pursuant to sections 6651(a) and 6653(a) for her taxable years 1971 and 1972; (3) whether Petitioner David B. Gilbert's underpayments of his taxes for his taxable years 1971 and 1972 (if any) were due to fraud with the intent to evade taxes; and (4) whether, in the alternative, Petitioner David B. Gilbert is liable for additions to the tax pursuant to sections 6651(a) and 6653(a) for his taxable years 1971 and 1972. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. During 1971 and 1972 Petitioners David B. and Elinor F. Gilbert, husband and wife, lived in Payson, Arizona. During those years David B. Gilbert (hereinafter David) was engaged in the practice of medicine under the name of "Physicians and Surgeons Clinic" (hereinafter the Clinic), as a sole proprietorship. Elinor F. Gilbert (hereinafter Elinor) received no income other than that received by the *121 community through David. David's receptionist and bookkeeper, Virginia Strickland (hereinafter Strickland) kept the records of the Clinic. At the end of 1971 Strickland compiled a report from the Clinic's records which she sent to James W. Coombs, CPA, an accounting firm. The Coombs firm prepared a tax return for petitioners for 1971. Petitioners received this tax return but did not file it. Petitioners did eventually file an unsigned, retyped copy of this return but did not submit it by April 15, 1972. In lieu of filing a return for 1971 David filed with respondent a "Petition for Redress of Grievances to the Federal Government of the United States of America and Amendment to all Previous Tax Returns." This petition was filed sometime in 1973, but not until after respondent had notified petitioners that he had not received their 1971 Federal income tax return. Also during 1973 David mailed two Forms 1040 to respondent but did not complete either. Petitioners intended the petition of grievances filed for 1971 to be filed in lieu also of their 1972 return. As a result of petitioners' failure to file their 1971 and 1972 Federal income tax returns, respondent decided, in *122 late 1973, to examine petitioners' 1971 and 1972 records to determine petitioners' correct income tax liabilities for those years. David refused to supply respondent with any account books or other records which would enable him to make those determinations. On September 26, 1974, David pleaded guilty to a charge of failure to file a Federal income tax return for 1972. Charges for failure to file a Federal income tax return for 1971 were dropped. In January of 1975, petitioners submitted an unsigned Form 1040 for 1971 and one for 1972. These Forms 1040 were returned to petitioners and they did not resubmit them. Statutory notices of deficiency were mailed to petitioners in December 1975. During 1971 and 1972 David maintained an active checking account (No. 2111-2132) at the Valley National Bank (hereinafter the Bank), Payson, Arizona. Also during 1971 and 1972, petitioners made investments in several Mexican banks and in 1971 received a large amount of interest income from these accounts. These investments were made by cashier's checks. During March 1972, per David's instructions, the Clinic stopped keeping records of the income and expenses of the medical practice. *123 A large number of the checks received for fees were converted to cash by Strickland. Before that time the usual procedure had been to record the fees collected and then deposit them the next day at the Bank. Strickland kept records for herself of the patient checks she cashed and the amount given to David. Even when the Clinic had records, David would sometimes take fees in cash without having Strickland record them. During 1972 David told Strickland that he did not intend to pay his income taxes and that "people were fools to pay income taxes." Strickland also heard David tell others that he did not intend to file his tax returns and that he did not believe in income taxes. Petitioners' adjusted gross income for 1971 was $135,984.77, as determined by the Commissioner in his notices of deficiency. David's share is $67,992.38, and Elinor's share is $67,992.39. Taking into account the standard deduction and applicable personal exemptions, David's taxable income for taxable year 1971 was $66,567.38 and Elinor's was $66,567.39. Almost all of the deposits made by David to the Bank during 1972 represented fees received by David for medical services rendered by him to his patients. *124 Respondent determined that the cash deposited at the Bank came from patient fees and was income.
Petitioners' adjusted gross income for taxable year 1972 totaled $121,988.50 and was composed of the following items: [6]
Patient checks deposited to Account
No. 2111-2132 at the Bank
$ 78,675.43 [7]
Patient fees received in cash and deposited
in Account No. 2111-2132 at the Bank
2,286.00
Patient checks cashed
34,833.14 [7]
Insurance Company checks received for
services rendered
22,128.63 [8]
Salary--Gila County
4,350.00
Arizona Collection Service
295.42
Rental Income
1,697.00
TOTAL INCOME
$144,265.62
Less: Expenses allowed by respondent in his
statutory notice of deficiency
22,277.12
PETITIONERS' COMBINED 1972 ADJUSTED GROSS INCOME
$121,988.50
David's share of this amount was $60,994.25, as was Elinor's. Taking into account *125 the standard deduction and applicable personal exemptions, David's taxable income for taxable year 1971 was $59,244.25, and Elinor's was the same. These amounts are slightly in excess of the amounts calculated by the Commissioner upon which he based his statutory notice of deficiency. ULTIMATE FINDINGS OF FACT 1. Petitioners did not file Federal income tax returns for their taxable years 1971 and 1972. 2. Petitioner Elinor Faye Gilbert is liable for additions to the tax pursuant to sections 6651(a) and 6653(a) for each of the taxable years 1971 and 1972. 3. Petitioner David Bruce Gilbert's failure to file Federal income tax returns for 1971 and 1972 was fraudulent with the intent to evade taxes. OPINION Petitioners contend: (1) that respondent has the burden of proof in establishing that petitioners' deposits were income; (2) that respondent's method of calculating petitioners' income was improper; (3) that respondent failed to show that money received from insurance companies was income; (4) that respondent failed to prove fraud by clear and convincing evidence; and (5) that petitioners' confusion due to the "discrepancy" between the tax liability alleged in the *126 criminal charge for failure to file a tax return and in the notice of deficiency was reasonable cause for not filing a return. Respondent contends: (1) that his determinations of deficiencies for 1971 and 1972 are correct; (2) that Elinor is liable for additions to the tax pursuant to sections 6651(a) and 6653(a) for 1971 and 1972; (3) that part of the underpaypayments of tax as to David for the years 1971 and 1972 was due to fraud with the intent to evade taxes; and (4) that, in the alternative, David is liable for additions to the tax pursuant to sections 6651(a) and 6653(a) for each of the taxable years 1971 and 1972. Petitioners produced no evidence to disprove the deficiencies determined by the Commissioner. The Commissioner's determinations are presumed correct and petitioners have the burden of disproving them. Welch v. Helvering, 290 U.S. 111 (1933). [9] Respondent's method of calculating their income was not improper. The Commissioner was not restricted to the net worth approach. His use of David's bank account records and testimony of third parties to reconstruct petitioners' income was well within his power. Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961). *127 Petitioners' contention that respondent failed to prove that the amounts received from the insurance companies were income is without merit. Petitioners stipulated that the money received from these companies was "for medical services performed by [David] to [individuals]" covered by these insurance companies. Petitioners having so stipulated, we cannot but find that such amounts are income. Sec. 61. Because petitioners have not carried their burden of proving that the Commissioner erred in his determinations of deficiencies, such determinations must be sustained. American Pipe & Steel Corp. v. Commissioner, 25 T.C. 351 (1955), affd. 243 F.2d 125 (9th Cir. 1957). [10]
*128 Respondent determined that Elinor was liable for the delinquency penalty imposed under section 6651(a). Petitioners introduced no evidence explaining why no return was filed for 1971 or 1972. Elinor has the burden of proving that there was reasonable cause for not filing these tax returns. Rubber Research, Inc. v. Commissioner,422 F.2d 1402 (8th Cir. 1970), affg. a Memorandum Opinion of this Court; [11]Bebb v. Commissioner, 36 T.C. 170 (1961). Petitioners refer to section 6651(a) in their brief, but the statement explaining their reasonable cause refers to their reasons for not introducing evidence of income, not their reasons for not filing their returns. This clearly does not satisfy Elinor's burden of proving that her failure to file the returns was due to reasonable cause. Since Elinor has failed to carry her burden of proof, the respondent's determination of a delinquency penalty under section 6651(a) for those two taxable years is sustained. Respondent determined that part of Elinor's underpayments of her 1971 and 1972 taxes was due to negligence *129 or intentional disregard of rules and regulations for reporting income. Sec. 6653(a). Elinor has the burden of proof on this issue. Estate of Mason v. Commissioner, 64 T.C. 651 (1975). Since she has offered no evidence on this issue and it was not discussed in her brief, we sustain respondent's determination of the additions to the tax. This Court has held previously that imposition of penalties under both section 6651(a) and section 6653(a) is appropriate. Robinson's Dairy, Inc. v. Commissioner, 35 T.C. 601 (1961), affd. 302 F.2d 42 (10th Cir. 1962). Respondent determined that part of David's underpayments of tax for each of his taxable years 1971 and 1972 was due to fraud with the intent to evade taxes. For there to be fraud there must have been an "actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing." Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941). Whether fraud exists is an issue of fact which must be determined on the basis of the whole record. Foster v. Commissioner, 391 F.2d 727 (4th Cir. 1968), remanding on another *130 issue a Memorandum Opinion of this Court. [12] Respondent has the burden of proving by clear and convincing evidence that part of the underpayments of tax by David was due to fraud with the intent to evade taxes.Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stonev. Commissioner, 56 T.C. 213 (1971); Otsuki v. Commissioner, 53 T.C. 96 (1969). Fraud may be shown by circumstantial evidence because it can rarely be shown by direct proof. Foster v. Commissioner, supra.
The willful failure to file a tax return when the taxpayer has substantial income is persuasive evidence of fraud. Stoltzfus v. United States, 398 F.2d 1002 (3d Cir. 1968), affg. 264 F. Supp. 824 (E.D. Pa. 1967); Beaver v. Commissioner, 55 T.C. 85 (1970). Without the requisite fraudulent intent we may not find fraud based solely on the fact that the requisite returns were not filed. However, we need not base our findings herein solely on that fact. David explicitly revealed his fraudulent intent when he told Strickland in 1972 that *131 he did not intend to pay his income taxes and that "people were fools to pay incofme taxes." Our attitude toward such non-taxpayers has not changed in the 50 years since these words were penned: A failure to report for taxation income unquestionably received, such action being predicated on a patently lame and untenable excuse, would seem to permit of no difference of opinion. It evidences a fraudulent purpose. [Gano v. Commissioner, 19 B.T.A. 518, 533 (1930).] Further indications of David's fraudulent intent are his directions to Strickland in 1972 to stop keeping adequate records of the income of the medical practice. Estate of Rau v. Commissioner, 301 F.2d 51 (9th Cir. 1962), affg. a Memorandum Opinion of this Court. We need dwell no further on acts which would prove David's fraudulent intent.His own words, along with the totality of his actions, convince us that part of his underpayments of tax for both of his taxable years 1971 and 1972 was due to fraud. In finding fraud we have taken the entire record into consideration and have determined that respondent has clearly and convincingly proven that David's underpayments of taxes for *132 1971 and 1972 were due to fraud with the intent to evade taxes. The additions to tax under section 6653(b) which were determined by respondent for David's taxable years 1971 and 1972 must be sustained. Because we have found fraud we do not have to decide respondent's alternate claim that additions to the tax pursuant to sections 6651(a) and 6653(a) should be imposed upon David for 1971 and 1972. Decision will be entered for the respondent. Footnotes
1. Since petitioners filed no return for 1971 or 1972 and Arizona is a community property state, the Commissioner properly sent a separate notice of deficiency to each petitioner. However, pursuant to Rule 34(a)(1), Tax Court Rules of Practice and Procedure↩, petitioners filed a single petition seeking a redetermination with respect to the notices of deficiency directed to petitioners.
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. SEC. 6653(b) FRAUD.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. ↩
4. SEC. 6651(a) ADDITION TO THE TAX.--In case of a failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof) * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * ↩
5. SEC. 6653 (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
6. Petitioners have introduced no evidence contradicting these findings.↩
7. This amount was determined from the records Strickland kept for herself, which records respondent introduced into evidence. ↩
8. This amount was stipulated by the parties but was not used by respondent in preparing his notices of deficiency.↩
9. Petitioners said that they were confused by a purported discrepancy between the tax deficiency cited in the information relating to the criminal case against David and the deficiency determined in the statutory notices of deficiency, and that such confusion relieves them of their burden of proof. It does not.↩
10. According to evidence produced at trial, the taxable incomes of petitioners for their taxable year 1972 are slightly greater than the amounts calculated by respondent in his statutory notices of deficiency. However, since respondent did not make a claim for the increased deficiencies that would result from our findings in this regard, our jurisdiction to redetermine the amounts of the deficiencies is limited to the amounts determined in the statutory notices of deficiency. Sec. 6214(a).↩
11. Rubber Research, Inc. v. Commissioner, T.C. Memo. 1969-24↩.
12. Foster v. Commissioner, T.C. Memo. 1965-246↩.