ROBERT and CAROL ADOLF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adolf v. Commissioner
Docket No. 20814-82.
United States Tax Court
T.C. Memo 1983-785; 1983 Tax Ct. Memo LEXIS 7; 47 T.C.M. (CCH) 790; T.C.M. (RIA) 83785; December 28, 1983. Robert Adolf, pro se. Byron Calderon, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In a statutory notice dated May 20, 1982, respondent determined a deficiency of $1,348 and an addition to tax of $19.96 under section 6651(a) [1] with respect to petitioners' Federal income taxes for the year ended December 31, 1980. The deficiency resulted from disallowance of various itemized deductions, including medical expenses, sales taxes, casualty loss, and other miscellaneous items. The total itemized deductions allowed by respondent in the statutory notice were $2,153.32, i.e., less than the *8 zero bracket amount of $3,400; so that greater amount was used in calculating the deficiency. Petitioners were residents of the State of Colorado at the time the petition herein was filed. Their individual income tax return, Form 1040, for the tax year 1980, was filed on April 24, 1981, without extension of time, and was therefore untimely. Some of the facts have been stipulated, and the stipulation of facts and exhibits attached thereto are incorporated herein by reference. In the stipulation, the parties agreed that during 1980 petitioners paid $134 for premiums on health insurance, $285 in medical and dental expenses, and $506 for miscellaneous personal deduction items. Matters still in dispute are the claimed casualty loss, the correct amount of sales tax deduction, and the addition to tax for late filing of the return. Respondent's statutory notice is presumed correct, and petitioners have the burden of proof with respect to the claimed additional deductions and the addition to tax. Welch v. Helvering,290 U.S. 111, 115 (1933); *9 Bebb v. Commissioner,36 T.C. 170, 173 (1961); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners presented neither explanation nor evidence with respect to the late filing of their 1980 tax return, and that issue must be decided against them. Rule 149(b), Tax Court Rules of Practice and Procedure.
Petitioner Robert Adolf testified with respect to the casualty loss and sales tax claimed. The casualty loss occurred on November 29, 1980, when petitioners' 1975 Chevrolet van went off an icy road and hit a tree. Petitioners deducted $5,885 as a casualty loss on their 1980 tax return. The van had been purchased in 1978 for $4,655. At the time of purchase by petitioners, the van had been driven approximately 34,000 miles. At the time of the accident in 1980, the van had been driven a total of 92,133 miles. Mr. Adolf testified that between the time of purchase and the time of the accident, petitioners spent $1,653 on improvements on the van. He did not, however, present any receipts or explain in any detail what was done to the van, what individual items cost, when the improvements were made, or what the condition of the van was immediately prior *10 to the accident.Petitioners' insurance company valued the loss due to the accident as $1,000 and paid petitioners $800, which was the company's determination of the loss sustained less the agreed salvage value of the van. Petitioners' insurance, however, did not provide coverage for any customization of the van.
To sustain a deduction for casualty loss in this case, petitioners must show that the lesser of (1) the difference between the fair market value of the van immediately before the accident and the fair market value of the van immediately after the accident, or (2) their adjusted basis in the van, exceeded the insurance reimbursement of $800 and the casualty loss limitation of $100. Section 165; sec. 1.165-7, Income Tax Regs. Petitioners did not provide evidence adequate for us to determine the fair market value of the van immediately prior to the accident or petitioners' adjusted basis in the van. Petitioners have thus failed to carry their burden of proof. On their tax return, petitioners claimed a general sales tax deduction of $712. At trial, Mr. Adolf claimed that he was entitled to the optional tax table amount for a family of three, and $100 on the purchase of an *11 automobile. The only evidence he presented, however, was a loan document dated December 1, 1980, reflecting a loan for the purpose of purchasing a 1978 Datsun pickup for $2,000. Mr. Adolf testified that sales tax on such a used vehicle is paid at the time of licensing, but he presented no evidence that he actually paid the sales tax during 1980. The adjusted gross income reported on petitioners' 1980 income tax return was $20,430.46. They claimed one dependent child. Reference to the applicable optional sales tax tables prescribed by the Internal Revenue Service, with adjustment for local taxes [2] up to the rate of 5 percent testified to by Mr. Adolf, would yield an allowable sales tax deduction of $188. Petitioners have failed to prove that they are entitled to any greater amount. Because the total deductions allowed by respondent and redetermined by the Court do not exceed $3,400, the deficiency determined by respondent is correct. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. For Colorado the Optional State Sales Tax Table does not include local sales taxes.↩