STAN R. DURALIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duralia v. Commissioner
Docket No. 19970-91
United States Tax Court
T.C. Memo 1994-269; 1994 Tax Ct. Memo LEXIS 270; 67 T.C.M. (CCH) 3084; 18 Employee Benefits Cas. (BNA) 1669; June 13, 1994, Filed *270 Stan R. Duralia, pro se. For respondent: Bruce A. Anderson. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, for petitioner's 1986 taxable year, determined a $ 54,266 income tax deficiency. Respondent also determined additions to tax in the amounts of $ 13,567, $ 2,713, and $ 2,625 under sections 6651, [1]6653(a)(1)(A), and 6654, respectively. To the extent the underpayment is attributable to negligence, petitioner would be liable for increased interest under section 6653(a)(1)(B). After considering the parties' concessions, the following issues remain for our consideration: (1) Whether petitioner rolled over a distribution from an individual retirement account (IRA) to another qualified IRA or pension plan; (2) whether petitioner has shown entitlement to a $ 4,000 capital loss; (3) whether petitioner failed to timely file a 1986 Federal income tax return; (4) whether petitioner was liable for and failed to pay estimated taxes; and (5) whether petitioner is liable for an addition to tax under section 6653(a). *271 FINDINGS OF FACT [2]
Petitioner resided in Colorado at the time his petition was filed. He was born August 5, 1928, and was 57 years old at the beginning of 1986. Petitioner retired from active employment during 1986 and, until December 1986, had participated in a qualified IRA plan pursuant to section 408 which was sponsored by his employer. During December 1986 petitioner requested and received a $ 12,755 distribution from the IRA plan, which he invested and commingled into his margin account at Dain Bosworth (Dain). Petitioner's account at Dain was not qualified as an IRA or a qualified plan under the Internal Revenue Code. Petitioner sought an extension from respondent within which to file a 1986 return. A check for $ 550 was received by respondent in connection with petitioner's request for an extension. Petitioner did not file a Federal income tax return for 1986. Petitioner was aware of his obligation *272 to file a return and did not seek any professional advice concerning his 1986 tax matters. During 1986, petitioner's wife received wages of $ 14,779.33 and had withholding of $ 1,300.76 taken from her wages. Petitioner's wife also contributed $ 2,000 to an IRA during 1986. Respondent has no record of petitioner's wife's filing a 1986 income tax return. On October 24, 1988, petitioner received correspondence from respondent's Ogden Service Center concerning his failure to file a Federal income tax return. Respondent advised that there was no record of the filing of a 1986 income tax return by petitioner or his wife. Respondent had received information reflecting interest and dividends for petitioner, the gross proceeds from petitioner's security transactions, and a $ 12,755 distribution to petitioner from a pension plan. The letter from respondent, among other things, advised that: (1) Petitioner could be subject to criminal prosecution for failing to file a return, (2) petitioner could be summoned to appear and provide his books and records, or (3) respondent was entitled to file a tax return for petitioner under section 6020(b) and bill him for the tax due based upon the information *273 available. Petitioner filled in the remarks section of the form letter sent to him and advised respondent to proceed with option (3); i.e., file a return for petitioner and bill him for the tax due. Respondent sent several letters to petitioner advising him to bring in his records and resolve the matter. Petitioner, at some point in the process, attempted to contact respondent's office, and, ultimately, wished to have his matter handled by a problem resolution officer. Petitioner's request for a problem resolution officer was not heeded, and he did not further attempt to administratively resolve his 1986 tax controversy. Respondent determined a deficiency for petitioner's 1986 tax year based upon the interest, the dividends, and the gross proceeds of petitioner's securities transactions without reduction for petitioner's basis or cost. Petitioner was not given credit for his cost or basis because of his failure to provide information supporting same. After petitioner's case was docketed, he provided the cost or basis for the securities transactions. The parties have resolved all issues but the questions of the rollover of the pension distribution into a qualified IRA or plan, *274 the entitlement to a $ 4,000 capital loss, and the additions to tax. OPINION Petitioner's receipt of a distribution from an IRA would, without further action, result in a taxable event. Sec. 408(d)(1); sec. 1.408-4(a), Income Tax Regs. If, within 60 days, petitioner rolled the distribution over into another qualified IRA or a qualified pension plan, the taxable event might continue to be deferred. Sec. 408(d)(3)(A)(i); sec. 1.408-4(b)(1), Income Tax Regs.Petitioner bears the burden of proving that respondent's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner admits that he received the $ 12,755 distribution from the qualified IRA, but he argues that the taxable event should continue to be deferred because the distribution was immediately reinvested into his investment account. Petitioner further argues that the distributed funds, although commingled in his investment account, continued to be so invested at the time of trial. Finally, petitioner contends that we should not find the distribution to be taxable, but instead, that we should order or direct him to place the funds in a qualified account. *275 The relief petitioner seeks is not an alternative statutorily available, and we have no choice but to find, as we do, that the $ 12,755 distribution is fully taxable as ordinary income for petitioner's 1986 taxable year. [3]
Petitioner claimed a $ 4,000 capital loss for 1986 from a Canadian mutual fund. Petitioner contends that the loss arises from the insolvency or worthlessness of the fund and not from the sale or exchange of the interest. Petitioner failed to substantiate his basis or interest in the fund or the worthlessness of same. Accordingly, we hold that petitioner is not entitled to the claimed $ 4,000 capital loss for 1986. Respondent determined that petitioner is liable for an addition to tax under *276 section 6651(a) for failing to file his 1986 Federal income tax return. Petitioner testified at trial that he mailed his return to respondent, but offered nothing more than his self-serving testimony in support of that contention. Section 6651(a) provides for a 5-percent-per-month addition to tax, not to exceed 25 percent, where a taxpayer is delinquent in filing his income tax return. The addition may be avoided by a showing of facts constituting reasonable cause for the failure to timely file a return. Sec. 301.6651-1(c), Proced. & Admin. Regs. The burden of showing reasonable cause rests with petitioner. Lee v. Commissioner, 227 F.2d 181 (5th Cir. 1955); Bebb v. Commissioner, 36 T.C. 170 (1961). Merely showing that the delinquency was not due to willful neglect is insufficient. West Virginia Steel Corp. v. Commissioner, 34 T.C. 851 (1960). Petitioner, in his testimony, contended that a 1986 return was prepared and that it resulted in no tax due and no refund. We find petitioner's statement incredible. Petitioner failed to explain: Who prepared the return; what happened to the *277 $ 550 paid with the request for an extension of time to file; the 1986 wage income of his wife and the withholding taken from her wages, along with her failure to separately or jointly file; or how the return resulted in a wash between tax due and paid. We find that petitioner failed to file a 1986 return and that he has not shown reasonable cause therefor. Respondent also determined that petitioner was liable for an addition to tax under section 6654 for failing to pay estimated tax for 1986. Unlike section 6651(a), there is no reasonable cause exception for section 6654. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner engaged in several sales and exchanges of securities during 1986. He has not shown that he paid estimated tax and, accordingly, section 6654 is applicable for his 1986 taxable year. Finally, respondent determined an addition to tax for negligence under section 6653(a)(1)(A) and (B). Subsection (a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Subsection (a)(1)(B) imposes a further *278 addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. For purposes of this section, negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances'". Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and revg. in part 43 T.C. 168 (1964)). Here, petitioner: Did not keep adequate records; received taxable dividends and interest; had numerous financial transactions resulting in gain; and withdrew previously untaxed funds from an IRA. Petitioner was aware of his obligation to file a return, and yet he failed to do so. See Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Petitioner's self-serving statements that he filed a return and that his reinvestment of the IRA distribution into his margin account was, in his opinion, qualified *279 do not show that petitioner was reasonable or that respondent erred in determining that petitioner was negligent or that he intentionally disregarded the rules and regulations. We find that petitioner is liable for the addition to tax under section 6653(a)(1)(A) and (B) with respect to the entire redetermined deficiency. Due to agreement of the parties, Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the tax year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have stipulated facts and exhibits, all of which are incorporated by this reference.↩
3. It is interesting to note that even though petitioner had not attained 59-1/2 years of age at the time of the distribution, respondent did not determine or assert the 10-percent penalty for premature withdrawal under sec. 72(t). Respondent indicated awareness on brief that this option was not pursued.↩