T.C. Summary Opinion 2007-80


UNITED STATES TAX COURT


DUYET MINH NGUYEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4073-06S.                    Filed May 23, 2007.


Duyet Minh Nguyen, pro se.

Nhi T. Luu, for respondent.


GERBER, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b),[1] the decision to be entered is not reviewable by any

_____

[1] All section references are to the Internal Revenue Code in effect during the period at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

On November 28, 2005, respondent mailed a notice of deficiency to petitioner determining a $10,086 deficiency in petitioner's 2002 Federal income tax. Respondent also determined additions to tax under section 6651(a)(1) and (2) and under section 6654(a) in the amounts of $2,203.20, $1,468.80, and $326.11, respectively. The deficiency determined by respondent was attributable to the determination that petitioner failed to file a return and/or report income from the categories of wages, interest, dividends, pension, miscellaneous income in the amount of $11,015 and self-employment income in the amount of $30,811. Petitioner has agreed to the $30,811.00 of self-employment income and $3,371.38 of wages determined by respondent but contends that he is entitled to deductions and exemptions that were not allowed or determined by respondent.

The parties' stipulated facts and exhibits are found and incorporated by this reference. Petitioner, Duyet Minh Nguyen, resided in Portland, Oregon, at the time his petition was filed in this case. During 2002 petitioner was married, and he engaged in real estate sales as an independent contractor for Oregon First, Inc. (Oregon First), a mortgage lender in Beaverton, Oregon. Petitioner was licensed to sell real estate in Oregon. During 2002, petitioner earned self-employment income in the

amount of $30,811.50, comprising real estate sales commissions in connection with his association with Oregon First. Under an expense reimbursement agreement with Oregon First, $17.51 of office expenses was deducted from the real estate commissions that petitioner received from Oregon First during 2002 so that he received net commissions of $30,793.99.

During 2002, petitioner was also employed as a loan officer by Columbia Resources, Inc. (Columbia), of Warrenton, Oregon. Petitioner received $3,371.38[2] in wages from Columbia for the 2002 taxable year, from which $294.00 of income tax was withheld.

Petitioner did not make estimated tax payments for the 2002 tax year, and he failed to file a Federal income tax return for that year. Respondent prepared a substitute return for petitioner's 2002 tax year under section 6020(b).

Respondent concedes that petitioner incurred ordinary and necessary business expenses for the taxable year 2002 for member fees and real estate listing fees in the amounts of $300 and $420, respectively. In reaching his determination of petitioner's 2002 income tax deficiency, respondent allowed a personal exemption and a standard deduction in the amounts of $3,000 and $3,925, respectively. During 2002, petitioner resided with his wife and two children. There remains for our

---

[2] Petitioner also had real estate rental income and deductions, but this adjustment was not pursued and is considered conceded by respondent.

consideration additional Schedule C, Profit or Loss From Business, expenses claimed by petitioner in connection with his self-employment income involving the sale of real estate.

We are convinced from the record of this case that petitioner incurred expenses in the conduct of his real estate business in excess of the amount allowed by respondent.  In such circumstances, even though petitioner has not fully satisfied the substantiation requirements, there is a basis on which to estimate the expenses incurred.  See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

During the year 2002, petitioner incurred expenses operating an automobile in the conduct of his real estate business. Petitioner had sufficient records for us to find that he operated his automobile at least 100 miles per week, or 5,200 miles for the year, in the pursuit of his real estate business.  For the taxable year 2002, taxpayers, who were entitled to claim use of an automobile for business purposes, could use the standard allowance of 36 cents per mile in lieu of claiming depreciation and operating expenses.  Accordingly, petitioner is entitled to deduct $1,872 as a Schedule C business expense for 2002.

During the year 2002 petitioner maintained a room in his home as his office, which represented one-seventh of his residence.  Petitioner's brother also slept in that same room, which contained a bed, computer, and related office equipment. Petitioner seeks to deduct one-seventh of the cost of maintaining

his home as a home office expense. Such deductions are governed by section 280A which generally disallows such deductions, unless petitioner's situation falls within one of the following three exceptions: (1) A portion of the dwelling unit is used exclusively on a regular basis as the taxpayer's principal place of business; (2) a portion of the dwelling unit is used exclusively on a regular basis as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business; or (3) the office is a separate structure not attached to the dwelling unit and that structure is used in connection with the taxpayer's trade or business. The record is clear that petitioner's home office was not in a structure separate from his residence. Accordingly, petitioner must establish either that his home office was used <u>exclusively</u> as his principal place of business or as a location for petitioner to meet with clients in the normal course of his business.

Petitioner admitted that his brother used the "office room" for purposes of sleeping. Even though such use is tangential and does not, as a practical matter, detract from the use of the room as an office, the statutory language requires that the usage be exclusive. Petitioner also stated that he used the offices of Oregon First to meet real estate clients. Under these circumstances we are compelled by the statute to deny petitioner's claim for a home office expense deduction. See

generally <u>Frankel v. Commissioner</u>, 82 T.C. 318 (1984)

Petitioner used his cell phone in the conduct of his real estate business during the taxable year 2002. During 2002, petitioner paid $53 per month for his cell phone service. He is, therefore, entitled to a $636 deduction as a Schedule C business expense for 2002. Petitioner also sought to deduct 70 percent of the cost of his home telephone as being for business use. Petitioner's home phone is not deductible. See sec. 262(b).

During 2002 petitioner paid $199 for education and/or educational materials in connection with his real estate business activity. We find and hold that petitioner is entitled to a $199 educational deduction as a Schedule C business expense for 2002.

During 2002 petitioner incurred expenses for advertising in newspapers and periodicals in order to attract customers for his real estate business. He incurred $230 quarterly to place his advertisement in a local periodical and he ran eight advertisements in a local newspaper at a cost of $25.00 each, and he had one additional advertisement that cost $8.09. We, accordingly, hold that petitioner is entitled to a Schedule C business deduction in the amount of $1,128.09 for advertising during 2002.

Petitioner owned a computer that cost $1,048, and he used it in his real estate business during 2002. Petitioner is entitled to a $209 depreciation business deduction for his 2002 tax year.

Petitioner also claimed dependency deductions for his two children, but he was unable to show that he paid over one-half of their support for the 2002 year or that he was otherwise entitled to claim them as his dependents. Finally, petitioner claimed meals and entertainment expenses, but he was unable to identify the names of the clients and other essential information required for the allowance of a deduction under section 274(d).

Although petitioner may have incurred additional expenses in the conduct of his real estate business, the record is insufficient to enable the Court to allow any deductions beyond those we have decided.

Respondent determined that petitioner was liable for additions to tax under section 6651(a)(1) and (2), and section 6654(a). Section 6651(a) provides for an addition to tax of 5 percent per month, up to 25 percent, for failure to file that is not due to reasonable cause. Petitioner has not shown reasonable cause for failing to file a return. See Bebb v. Commissioner, 36 T.C. 170, 173 (1961). Petitioner's reason for not filing or paying the tax was that he could not afford to pay. Section 6654(a) imposes an addition to tax for failure to pay estimated tax. That addition to tax is mandatory, unless a taxpayer falls within one of the exceptions in section 6654(e). Petitioner has not shown that his situation falls within those exceptions.

With respect to the additions to tax, respondent bears a burden of production. See sec. 7491(c). The record in this

case, including petitioner's admission that he did not file, satisfies respondent's burden as to the additions to tax under the statute.  Upon petitioner's failure to file a return, respondent caused a "Substitute for a Return" to be prepared under section 6020(b).  Accordingly, petitioner is liable for additions to tax under section 6651(a)(1) and (2), and section 6654(a).

To reflect the foregoing,

Decision will be entered

under Rule 155.