DWIGHT L. AND HELEN L. MYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 11188-79.
United States Tax Court
T.C. Memo 1980-549; 1980 Tax Ct. Memo LEXIS 37; 41 T.C.M. (CCH) 526; T.C.M. (RIA) 80549; December 10, 1980
*37 Dwight L. Myers and Helen L. Myers, pro se. Patrick E. McGinnis and Richard Goldman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*38 Opinion of the special trial judge/ CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on September 29, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on May 7, 1979, has determined the following deficiency [3] in, and addition to, petitioners' 1976 income tax: Addition to Tax, 1954 Code
Yeat
Deficiency
Section 6653(a) [4]
1976
$ 2,383.00
$ 119.15
Petitioners resided at Star Route, Alex, Oklahoma, on the date they filed their petition herein. They timely filed a joint 1976 Federal income tax return with the Internal Revenue Service. In their petition filed on July 27, 1979, petitioners allege, at paragraph *39 four thereof, that respondent erred in disallowing their claimed farm and employee business expense deductions. However, at paragraph five of their petition, they allege not one justiciable fact to support their allegations of error. Rather, they recite, interalia, that: Payment of income tax is a violation of rights of petitioner under the First Amendment to the U.S. Constitution. The allegations of respondent are in violation of rights of petitioner under the Fourth and Fifth Amendments to the U.S. Constitution. [5]
Respondent, on September 10, 1979, filed his answer, in which at paragraph four he denied the allegations contained in paragraph four of the petition. [6] At paragraph five of his answer he denied the allegations of paragraph five of the petition except that he admitted respondent *40 has no documentation of the income, expenses, and loans respecting the adjustments made in his notice of deficiency. On February 4, 1980, respondent served on petitioners a 26-paragraph request for admissions. [7] Petitioners at no time served written answers upon respondent. Each matter contained in respondent's request for admissions is deemed admitted. Freedson v. Commissioner, 65 T.C. 333 (1975); see Edelson v. Commissioner, T.C. Memo. 1979-431; Bassett v. Commissioner, T.C. Memo. 1979-14; Rules 90(c) and (e). The matters so admitted conclusively show petitioners are not entitled to the farm and employee business expense deductions they claimed. Rule 90(e). Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain, "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, * * *." No justiciable facts in support of their allegations of error are found in *41 paragraph five or petitioners' petition. Instead, they principally raise constitutional arguments, i.e., that their constitutional rights have been abridged under the First, Fourth, and Fifth Amendments. It is clear beyond doubt that the constitutional arguments advanced by petitioners are frivolous and without merit. All of their contentions have been fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. [8] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say: In recent times, this Court has been faced with numerous cases, such *42 as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [9]
The Commissioner may, in his notice of deficiency, make a determination based upon any reasonable method where a taxpayer refuses to produce his records or where those records are unavailable. Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977). Hence, petitioners' argument that the Commissioner's determination is arbitrary is likewise *43 unfounded. Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" [Emphasis supplied.] Here, petitioners have refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, those matters deemed admitted in respondent's request for admissions and the exhibits attached to respondent's motion, respondent has amply demonstrated that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted.[10]
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on November 19, 1980. Petitioners did not appear nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof with exhibits attached together with a copy of the Court's notice of hearing were served on them by the Court on October 7, 1980. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. The deficiency is predicated upon claimed Schedule F expenses (farm) of $ 6,990 and employee business expenses of $ 164, which were disallowed for lack of substantiation.↩
4. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
5. Petitioners' remaining "factual allegations" assert respondent's determination is arbitrary, which is meritless, and that respondent "has no documentation of income, expenses and loans", which is likewise baseless since petitioners have provided no↩ substantiation to support their claimed expenses even though respondent has afforded them opportunities to do so.
6. Upon the filing of that answer, issue was joined. See Rule 38.↩
7. The original of that request was filed with the Court on February 7, 1980. See Rules 90(a) and (b).↩
8. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner, 71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments↩).
9. The Court's language in Hatfield↩, so true when stated on September 12, 1977, is all the more impelling today because of the ever increasing caseload of this Court.
10. Petitioners did not mention the addition to the tax under section 6653(a) in their petition, and we deem that issue abandoned.↩