JOSEPH L. BALE and GERTRUDE BALE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bale v. Commissioner
Docket No. 16608-80
United States Tax Court
T.C. Memo 1981-442; 1981 Tax Ct. Memo LEXIS 287; 42 T.C.M. (CCH) 789; T.C.M. (RIA) 81442; August 24, 1981
Joseph L. Bale and Gertrude Bale, pro se. Beth L. Williams *289 , for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with General Order No. 6, 69 T.C. XV (1978). The Court agrees with the adopts his report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income taxes in the amount of $ 1,317. The issues for decision are: (1) whether petitioners are entitled to deduct various business expenses, including the cost of a trip to Israel, under section 162; (2) whether petitioners are entitled to deduct certain medical expenses; and (3) whether petitioners are entitled to dependency exemptions for their two adult children. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, who resided in Southfield, Michigan, at the time of the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1977 with the Internal Revenue Service Center in Cincinnati, Ohio. During the year 1977, petitioner Gertrude Bale (hereinafter *290 referred to as Mrs. Bale) was employed by the R.B. Richardson Company (hereinafter referred to as Richardson) as a sales manager. The company was a distributor of compressors and pumps. Mrs. Bale was requested by her employer to travel to Israel in order to investigate certain problems dealing with compressors supplied by Oholiab, an Israeli supplier, and meet with Mr. Jungster, the president of Oholiab. Petitioner Joseph F. Bale (hereinafter referred to as Mr. Bale) accompanied Mrs. Bale on her trip. Although Mr. Bale was not employed by Richardson, Mrs. Bale's employer believed he would be useful in that he was acquainted with Mr. Jungster. Mr. and Mrs. Bale were in Israel from July 18 to August 8. During this time they visited an Oholiab factory four times and socially visited with Mr. Jungster and his wife twice. As petitioners' son, David, resided in Jerusalem, petitioners stayed in his apartment every night except one night in which they slept in a hotel. Richardson paid $ 200 as a deposit for the plane tickets of Mr. and Mrs. Bale. Immediately prior to the trip, Richardson issued a check to Mrs. Bale for the balance of the plane tickets. However, taxes were withheld *291 from the amount paid Mrs. Bale, and in December of 1977 her bonus was reduced by the amount of the plane tickets, less $ 100. Mr. Bale was employed by the Borich Building Company for approximately the last 9 months of 1977. During his employment Mr. Bale would frequently make trips for his employer to banks, real estate offices and job sites. Mr. Bale estimated the mileage traveled at 2,000 miles. Although his employer would have reimbursed him, Mr. Bale never requested reimbursement. Mrs. Bale was a member of the Electrical Apparatus Organization (hereinafter referred to as EAO) and at one time its president. Her membership dues were paid by Richardson. In 1977, Mrs. Bale expended $ 150 for meals and drinks for meetings of the EAO which were held to prepare for an international convention. Petitioners expended $ 2,001 on medical and dental expenses in 1976, as well as $ 76 for medical insurance. Petitioners had two children, Denise and David. Denise was born in 1949 and in 1977 resided in England with her husband, a school teacher. During this time Denise was sporadically attending school in England, frequently absent due to a severe illness. Petitioners sent money *292 to Denise from time to time throughout the year. David was born in 1951 and during the year 1977 resided in Jerusalem, Israel. David lived in an Israeli Community Center that did not charge for his room, and later he rented an apartment. David furnished translation services for the center with persons who had come to Israel; and he also worked as a freelance broadcaster earning very little money. Petitioners sent David money throughout 1977 for meals and various other expenses. On their 1977 Federal income tax return, petitioners deducted $ 1,732 as an employee business expense incurred by Mrs. Bale for her travel, meals and lodgings in Israel. The petitioners also claimed a deduction in the amount of $ 365 for employee automobile expenses incurred by Mr. Bale, figured at 17 cents a mile for 2,000 miles plus $ 25 for parking and tolls. A miscellaneous deduction claimed by petitioners in the amount of $ 150, represented amounts spent by Mrs. Bale for meals and drinks during the EAO meetings. Petitioners further claimed to have expended $ 430 for medicine and drugs, $ 76 for insurance premiums for medical care, $ 2,001 for medical and dental care, and $ 364 for eyeglasses and *293 related eye care, qualifying for a medical expense deduction. Petitioners claimed dependency exemptions for their children David and Denise. In his notice of deficiency for the calendar year 1977, respondent disallowed the employee business expense deductions for the trip to Israel on the ground that the expense was primarily personal and further because petitioners failed to meet the requirements of section 274. In regard to the $ 365 automobile expense and the $ 150 business meal expense, respondent disallowed these amounts due to petitioners' failure to substantiate the expenditures. Respondent disallowed, for lack of substantiation, $ 305 of the amount claimed for medicines and drugs and $ 75 of the other medical expenses. Respondent also disallowed the two dependency exemptions claimed by petitioners for their children because it was not established that the children received over one-half of their support from the petitioners and earned less than $ 750 or were full-time students. OPINION In order for petitioners to deduct as employee business expenses costs incurred by Mrs. Bale in connection with her trip to Israel, it must first be determined if the requirements *294 of section 162 have been satisfied. If we so find that petitioners have met those requirements, then it must be decided to what extent the limitations of section 274 are applicable. Section 162(a)(2) allows as a deduction any ordinary and necessary expense incurred in carrying on a trade or business, including traveling expenses incurred while away from home. However, if a taxpayer engages in both business and personal activities while at his or her destination, the travel expenses are deductible only if the trip is primarily related to the trade or business of the taxpayer. Section 1.162-2(b)(1), Income Tax Regs. The determination of whether the trip is primarily of a personal or business nature is dependent upon the facts and circumstances of the case, including the amount of time spent on each activity. Section 1.162-2(b)(2), Income Tax Regs.
Based on the fact that Mrs. Bale was requested by her employer to travel to Israel and that she met with Mr. Jungster, toured the factories as well as arranged various shipments to the United *295 States, we find that the proximate relation has been shown to satisfy section 162(a)(2). It now must be determined if the limitations of section 274 are applicable to the expenses incurred by Mrs. Bale. Section 274(c) disallows that portion of an otherwise allowable deduction for travel expenses outside the United States that is not allocable to the taxpayer's trade or business. This disallowance provision is only applicable if the travel exceeds one week and the period of time allocated to nonbusiness activities is 25 percent or more of the total time spent on such travel. To determine whether the nonbusiness activity constituted 25 percent or more of a taxpayer's travel time, a daily allocation must be made of "business days" and "nonbusiness days." Section 1.274-4(d)(2), Income Tax Regs.
We found the testimony of Mrs. Bale to be credible and believe that on six different occasions she was engaged in business activities while in Israel. Although petitioners failed to elaborate as to the time involved for each business day, we believe the principal activity *296 on four of the six days was in the pursuit of Mrs. Bale's business. Accordingly, pursuant to the allocation rules, petitioners are entitled to deduct 4/21 of $ 822, the cost of Mrs. Bale's airplane expenses to Israel. Section 1.274-4(f), Income Tax Regs. However, as to the $ 160 for miscellaneous travel expenses, no deduction is allowed for failure to substantiate the same. In regard to the $ 750 spent on meals and one night's lodgings, a taxpayer must first establish that such expenditure is otherwise allowable under section 162 or 212 in that such expense was incurred as an ordinary and necessary business expense. In addition the expense is not deductible unless the substantiation requirements of section 274(d) are satisfied. This section requires a taxpayer to substantiate "by adequate records or by sufficient evidence corroborating his own statement" the amount, time, place, date and business purpose or relationship of the expense. The only expenditure that meets these requirements is the cost of the hotel, for which petitioners retained a copy of their *297 bill, in the amount of $ 45 U.S. However, as to the expenses for meals, petitioners rely solely on their uncorroborated testimony. Even if we believe the amounts were incurred, petitioners failed to substantiate such expenses in terms of the time and place. In fact Mr. Bale stated that he would never maintain a journal or logbook even if the President of the United States so requested. Consequently, because petitioners are unable to comply with section 274(d) which requires substantiation by adequate books or records, they are not entitled to claim the meal expenses as a deduction. The $ 365 claimed as employee automobile expense is not deductible. Automobile expenses incurred by a taxpayer, for which he could have been reimbursed by his employer, are not deductible even though the taxpayer neither requests nor receives reimbursement. "These charges were business expenses of the company and petitioner cannot convert its business expenses into his own by failing to claim repayment, even though paid by him." Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 *298 (2d cir. 1964). Concerning the $ 150 claimed as a miscellaneous expense, we conclude that such expense is deductible under section 162 as an ordinary and necessary business expense. The disallowance provisions of section 274(a) are inapplicable by virtue of the business meal exception of section 274(e)(1). Petitioners having failed to show that they expended more for deductible medical expenses than respondent allowed in his notice of deficiency, the respondent must be sustained on this issue. In regard to the dependency exemptions, section 151(e) provides in pertinent part that a taxpayer is allowed an exemption for each dependent whose gross income is less than $ 750 or who is a child of the taxpayer and is either younger than 19 or a full-time student for at least five months of the taxable year. The term dependent is defined under section 152(a)(1) as a child of the taxpayer over half of whose support is furnished by the taxpayer. In 1977, David was older than 19 years of age and was not a student. Therefore, in order for petitioners to be entitled to an exemption for David, *299 it must be shown that his gross income was less than $ 750, and that petitioners provided over one-half of his support. This issue is a question of fact for which petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners introduced no evidence whatsoever as to the total amount expended for the support of David, nor his gross income for 1977. Richardson v. Commissioner, 72 T.C. 818, 825 (1979); Counts v. Commissioner, 42 T.C. 755, 761 (1964). Accordingly, petitioners are not entitled to a dependency exemption for David. In 1977 Denise was 28 years old, married to a school-teacher and living in England. In order for petitioners to be entitled to claim an exemption for Denise, they must prove she was either a full-time student for five months of the year or she had less than $ 750 in gross income, and that over one-half of her support was from petitioners. For the same reasons that petitioners were denied a dependency exemption for David, they are denied an exemption for Denise. Again, petitioners failed to introduce into evidence any proof as to the amount of support provided Denise and the amount *300 of her gross income. Therefore, respondent is sustained on this issue. In accordance with the foregoing, Decision will be entered under Rule 155.