H. BYRON GAAR, JR. AND MONETTE GAAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gaar v. Commissioner
Docket No. 17174-80.
United States Tax Court
T.C. Memo 1981-595; 1981 Tax Ct. Memo LEXIS 151; 42 T.C.M. (CCH) 1425; T.C.M. (RIA) 81595; October 14, 1981. *151 Petitioners have failed to produce documents despite an order of this Court directing them to do so. Held: Petitioners' failure constitutes a default under the circumstances of this case. Respondent's motion to impose sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, granted. H. Byron Gaar, Jr. and Monette Gaar, pro se. Robert T. Hollohan and David W. Johnson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to impose sanctions under T.C. Rule 104(c)(3) and petitioners' motion to change place of hearing filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1] *152 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion to impose sanctions under T.C. Rule 104(c)(3)[2] filed on August 18, 1981 and petitioners' motion to change place of hearing filed on September 14, 1981. Respondent, in a separate individual notice of deficiency issued to each petitioner on June 12, 1980, determined deficiencies in each petitioner's Federal income taxes and in additions to the tax for the taxable calendar years 1975 to 1978, inclusive, in the following respective amounts: H. Byron Gaar, Jr. Income
Additions to Tax, I.R.C. 1954
Year
Tax
Sec. 6651(a) [3]
Sec. 6653(a)
Sec. 6654
1975
$ 2,682.90
$ 670.73
$ 134.15
$ 115.71
1976
12,279.20
1,227.92
613.96
457.31
1977
14,462.18
723.11
1978
20,536.54
1,026.83
658.52
Monette Gaar
Income
Additions to Tax, I.R.C. 1954
Year
Tax [4]
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1975
$ 1,569.00
$ 392.25
$ 78.45
$ 67.63
1976
11,070.50
2,767.63
553.53
412.29
1977
14,324.68
3,581.17
716.23
510.37
1978
19,102.84
4,775.71
955.14
611.41
*153 Petitioners listed their address on their petition filed on September 10, 1980 as "P.O. Drawer 200, Hargill, Texas - #78549." Petitioner Monette Gaar filed no Federal income tax returns for the years involved herein. Petitioner H. Byron Gaar, Jr. submitted a Form 1040 for 1975 to the Internal Revenue on which almost every entry was "5th amen." or "none"; for 1976 he filed a return reporting income of "approx. $ 100.16"; for 1977 he filed a return reporting income of $ 9,509 and reported no tax due stating he had taken a vow of poverty and was exempt from tax; and for 1978 he filed a return reporting no tax due as he was exempt under a vow of poverty. He reported his occupation as "businessman" on his 1975 return and as "crop service/distributor" on his 1976, 1977 and 1978 returns. Petitioners filed a reply on January 14, 1981. [5] On February 20, 1981 respondent served a request for production of documents on petitioners seeking documents relevant and material to the issues to be tried. *154 When petitioners failed to respond to that request, respondent filed a motion to compel production of documents or to impose sanctions under Rule 104 on May 28, 1981. That motion was calendared for hearing at Washington, D.C. on July 1, 1981 by notice served on petitioners by the Court on May 29, 1981. Petitioners did not appear nor did they file a response to respondent's motion. Rather, they filed a motion for continuance on June 30, 1981. In our order dated July 1, 1981, served on the parties on July 6, 1981, we stated-- * * *, it is ORDERED that petitioners' motion for continuance of hearing on respondent's motion is denied. It is further ORDERED that respondent's motion filed May 28, 1981, is granted, in that, the petitioners are directed to produce the documents as requested by respondent, on or before August 17, 1981. Petitioners did not comply with the Court's July order. Instead, on August 5, 1981, they filed a motion to vacate the Court's order of July 1 and to dismiss for lack of jurisdiction on the grounds that the U.S. Tax Court is unconstitutional and no due process is available in that forum. That motion was denied *155 by the Court on August 6, 1981. On August 18, 1981, respondent filed a motion to impose sanctions under Rule 104(c)(3) which was calendared for hearing at Washington, D.C. on September 16, 1981. [6]
On August 21, 1981 petitioners filed a request for immunity, which was denied by the Court on August 24, 1981. Thereafter, on September 14, 1981 petitioners filed a motion for disqualification of Judge, which was denied on September 15, 1981; a reply in opposition to respondent's motion to impose sanctions; and a motion to change place of hearing which the Court directed to be heard at Washington, D.C. on September 16, 1981. Petitioners' refusal to comply with respondent's request for production of documents and the Court's direction to produce those documents is primarily based upon constitutional grounds, for example, the U.S. Tax Court is not a judicial Court; petitioners are entitled to a jury trial in this Court; petitioners are entitled to be granted immunity prior to producing the documents; and their Fifth Amendment rights have been abridged. We *156 first address petitioners' motion. Rule 50(b) provides, in part, as follows: (b) Disposition of Motions. A motion may be disposed of in one or more of the following ways, in the discretion of the Court: (3) The Court may take such action as the Court in its discretion deems appropriate, on such prior notice, if any, which the Court may consider reasonable. The action of the Court may be taken with or without written response, hearing, or attendance of a party to the motion at the hearing. (Emphasis Added.) A review of this record makes it crystal clear that petitioners have repeated the same constitutional arguments over and over again in the many documents they have filed in this case. No useful purpose would be served by continuing the hearing on respondent's motion to San Antonio, Texas on October 19, 1981. [7] Petitioners' motion to change place of hearing filed on September 14, 1981 will be denied. Petitioners' constitutional arguments are frivolous. All of the contentions they have raised have been considered and fully discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other *157 courts. The U.S. Tax Court, as established under the Tax Reform Act of 1969, sections 951-962, Pub. L. 91-172, 83 Stat. 487, 730-736, is a court of record established under Article I of the Constitution of the United States. The exercise by it of the jurisdiction conferred upon it by the Act, and prior law, does not violate Article III of the Constitution. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971); sections 7441 and 7442. A taxpayer is not entitled to a jury trial in the U.S. Tax Court. Section 7453. Wilkinson v. Commissioner, 71 T.C. 633 (1979); Swanson v. Commissioner, 65 T.C. 1180 (1976). Moreover, petitioners' Fifth Amendment rights have not been violated. Richardson v. Commissioner, 72 T.C. 818 (1979); Roberts v. Commissioner, 62 T.C. 834 (1974). Petitioners have advised us that "since a criminal investigation of Petitioner Byron Gaar is now under way, he has every right to invoke the Fifth Amendment against self-incrimination * * *." At the September 16, 1981 hearing counsel for respondent, upon inquiry by the Court, advised that the taxpayer (H. Byron Gaar, Jr.) is under criminal investigation for the taxable calendar year 1980 only but that there *158 is no pending criminal investigation respecting Mr. Gaar for the years in issue herein (1975-1978). [8] The priviledge against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Roberts v. Commissioner, supra.Further, and of prime significance, no criminal investigation is being conducted with respect to the years now before this Court and, apparently, none is contemplated. See Wilkinson v. Commissioner, supra, at 638. Nonetheless, petitioners have refused to comply with the Court's order directing them to produce the documents sought by respondent and we think the reasons for such refusal are baseless. [9]
Petitioners' request that we grant them immunity is spurious since jurisdiction *159 to take such action is vested exclusively in the U.S. District Courts, and then only upon application of a U.S. Attorney. See 18 U.S.C. sections 6001 et seq. (1970).Similarly, we have no jurisdiction to order the institution of a civil action for declaratory judgment or otherwise by respondent in a district court. 28 U.S.C. sections 2201 and 2202. Hartman v. Commissioner, 65 T.C. 542, 547-548 (1975). Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * *, 72, * * *, the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case, we conclude that petitioners' unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our Rules and a specific order of this Court is, albeit a severe sanction, appropriate *160 under Rule 104(c)(3). [10] See Miller v. Commissioner, 654 F.2d 519 (8th Cir. 1981); Eisele v. Commissioner, 580 F.2d 805 (5th Cir. 1978); McCoy v. Commissioner, 76 T.C. 1027 (1981) (on appeal 9th Cir. Sept. 15, 1981). See also, Lockwood v. Commissioner, T.C. Memo. 1981-243 (on appeal 9th Cir. Aug. 20, 1981) and Antelman v. Commissioner, T.C. Memo. 1981-511. On this record, respondent's motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on September 16, 1981. Petitioners did not appear. However, they did file a reply in opposition to respondent's motion on September 14, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. The income tax deficiencies are predicated upon unreported income, one-half of which was taxed to each petitioner. During the years at issue, they resided in Texas, which is a community property state.↩
5. At which time issue was joined. See Rule 38.↩
6. A copy of respondent's motion and a copy of the Court's notice of hearing were served on petitioners by the Court on August 21, 1981.↩
7. At which site this case is presently calendared for trial.↩
8. The record herein reveals that petitioners have refused to file proper income tax returns reporting their income or pay any tax since 1964, notwithstanding H. Byron Gaar, Jr.'s conviction for violations of section 7203 (willful failure to file return) for the taxable years 1967 to 1971, inclusive. ↩
9. Our opinion is buttressed by the fact that, in this civil case, respondent has made no determination against petitioners under section 6653(b) (fraud).↩
10. We observe that petitioners have a history of a refusing to comply with this Court's orders and its Rules. They are parties to another case in this Court, docket no. 8339-79, which is under submission, where they refused to stipulate facts (see Rule 91) and to appear for trial on the date set therefor by the Court.↩