WILLARD AND EDNA MAE OAKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oaks v. Commissioner
Docket No. 12923-79.
United States Tax Court
T.C. Memo 1981-605; 1981 Tax Ct. Memo LEXIS 139; 42 T.C.M. (CCH) 1455; T.C.M. (RIA) 81605; October 19, 1981. *139 Willard Oaks and Edna Mae Oaks, pro se. Patrick E. McGinnis and Raymond J. Farrell, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*140 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed on August 12, 1981, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] Respondent, in his notice of deficiency issued to petitioners on August 16, 1979, has determined the following deficiency [3] in, and addition to, petitioners' 1976 Federal income tax: Addition to Tax, 1954 Code
Year
Deficiency
Section 6653(a) [4]
1976
$ 1,989.00
$ 99.45
Petitioners' address on the date they filed their petition was Route #2, El Reno, Oklahoma. They filed a joint 1976 Federal income tax return with the Internal Revenue Service. In their petition filed on September 7, 1979, petitioners allege: *141 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: a. Disallowance of schedule F expenses loss of $ 6,845. b. Disallowance of form 2106 loss of $ 1,300. c. Disallowance of standard item deductions of $ 2,100. However, at paragraph 5 of their petition, they allege not one justiciable fact to support their allegations of error. Rather, they recite that: a. The respondent has no basis for income, expense, and tax. b. The respondent has no documentation of income, expenses, and loans. c. Payment of income tax is a violation of rights of petitioner under the first ammendment [sic] to the U.S. Constitution. d. The allegations of respondent are in violation of rights of petitioner under the fourth and fifth ammendments [sic] to the U.S. Constitution. Respondent, on October 5, 1979, filed his answer, in which at paragraph 4 he denied the allegations contained in paragraph 4 of the petition. [5] At paragraph 5 of his answer he denied the allegations of paragraph 5 of the petition, except that he admitted respondent has no documentation of the income, expenses, and loans respecting the adjustments *142 made in his notice of deficiency. On October 28, 1980, respondent served on petitioners a 33-paragraph request for admissions. [6] Petitioners at no time served written answers upon rspondent. In such posture, each matter contained in respondent's request for admissions is deemed admitted. Freedson v. Commissioner, 65 T.C. 333 (1975); see Myers v. Commissioner, T.C. Memo. 1980-549; Edelson v. Commissioner, T.C. Memo. 1979-431; Bassett v. Commissioner, T.C. Memo. 1979-14; Rules 90(c) and (e). The matters so admitted conclusively show petitioners are not entitled to the farm expenses of $ 6,845, the excise tax credit of $ 70, the investment credit of $ 428, and the employee business expense of $ 1,300, all of which were claimed on their 1976 return. Rule 90(e). Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise lettered statements of the facts on which petitioner bases *143 the assignments of error." No justiciable facts in support of their allegations of error are found in paragraph 5 of petitioners' petition. Instead, they principally raise constitutional arguments, i.e., that their constitutional rights have been abridged under the First, Fourth, and Fifth Amendments. It is clear beyond doubt that the constitutional arguments advanced by petitioners are frivolous. Each of their contentions has been fully considered and discussed (adversely to petitioners' contentions) in numerous prior opinions of this and other courts. [7] On this very point, which is totally pertinent to this case, our recent statements in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981) (on appeal, 9th Cir., Sept. 15, 1981), bear repeating herein: *144 It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [8]
The Commissioner may, in his notice of deficiency, make a determination based upon any reasonable method where a taxpayer refuses to produce his records or where those records are unavailable. Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an *145 unpublished order 559 F.2d 1207 (3d Cir. 1977). Hence, petitioners' argument that the Commissioner's determination is arbitrary is likewise unfounded, where, as here, they have provided no substantiation to support their claimed deductions even though respondent has afforded them opportunities to do so. Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" [Emphasis added.] Here, petitioners have refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, those matters deemed admitted in respondent's request for admissions and the exhibits attached to respondent's motion, respondent has amply demonstrated that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper *146 procedure for disposition of this case. Respondent's motion for summary judgment will be granted. [9]
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 30, 1981. Petitioners did not appear nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof with attached exhibits and affidavit together with a copy of the Court's notice of hearing were served on them by the Court on August 14, 1981. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure. ↩
3. The deficiency is principally predicated upon claimed Schedule F expenses (farm) of $ 6,845 and employee business expenses of $ 1,300, which were disallowed by respondent for lack of substantiation.↩
4. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
5. Upon the filing of that answer, issue was joined. See Rule 38.↩
6. The original of that request was filed with the Court on November 3, 1980. See Rules 90(a) and (b).↩
7. Richardson v. Commissioner, 72 T.C. 818 (1979) (Fourth, Fifth Ninth, and Tenth Amendments); Wilkinson v. Commissioner, 71 T.C. 633 (1979) (Fifth Amendment); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner, 62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments↩).
8. See also, on this point, Hatfield v. Commissioner, 68 T.C. 895, 899 (1977). Our statements in McCoy and Hatfield↩ are all the more impelling today because of the ever increasing caseload of this Court.
9. Petitioners did not mention the addition to the tax under section 6653(a) in their petition, and we deem that issue abandoned.↩