JOHN C. RALEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raley v. Commissioner
Docket No. 8383-79.
United States Tax Court
T.C. Memo 1982-610; 1982 Tax Ct. Memo LEXIS 134; 44 T.C.M. (CCH) 1451; T.C.M. (RIA) 82610; October 20, 1982. John C. Raley, pro se. Richard G. Goldman and Michael A. Yost, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is presently before us on respondent's motion for the entry of a decision pursuant to the Judgment and Opinion of the United States Court of Appeals for the Third Circuit dated April 27, 1982, and the subsequent Order of this Court dated June 14, 1982. *135 The only issues remaining for our decision are whether the petitioner is liable for (1) the additions to tax under section 6651(a) [1] for failure to file Federal income tax returns for the years 1972 through 1976 and (2) the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for such years. [2]
After giving careful consideration to both the Opinion and the Judgment of the Court of Appeals, an Order was issued by this Court on June 14, 1982, which reads, in part, as follows: This Court construes the Judgment of the Court of Appeals as being in the nature of, or tantamount to, a remand with respect to whether the petitioner is liable for the additions to tax under sections *136 6651(a) and 6653(a) for each of the years 1972 through 1976. In an Answer to Amended After giving careful consideration to both the Opinion and the Judgment of the Court of Appeals, an Order was issued by this Court on June 14, 1982, which reads, in part, as follows: This Court construes the Judgment of the Court of Appeals as being in the nature of, or tantamount to, a remand with respect to whether the petitioner is liable for the additions to tax under sections 6651(a) and 6653(a) for each of the years 1972 through 1976. In an Answer to Amended Petition, filed in this case on September 17, 1979, respondent alleged and claimed, as an alternative to the section 6653(b) additions to tax, that the petitioner is liable for the section 6651(a) additions to tax because of his failure to file Federal income tax returns within the time prescribed by law for such years and is liable for the section 6653(a) additions for negligence and intentional disregard of respondent's rules and regulations. Respondent also alleged that the petitioner is collaterally estopped to deny that he willfully failed to file a Federal income tax return for the year 1974 by pleading guilty to one count of *137 an indictment charging him with violating section 7203 for that year. Respondent specifically asserted the section 6651(a) and 6653(a) additions at the trial of this case on September 15, 1980, and in his brief filed herein on November 14, 1980. In its Memorandum Findings of Fact and Opinion (T.C. Memo. 1980-571) filed on December 24, 1980, this Court specifically referred to the fact that respondent had pleaded, inthealternative, for the additions to tax under sections 6651(a) and 6653(a) for all years. Because we held that the petitioner was liable for the section 6653(b) additions, it was unnecessary at that time for us to reach respondent's alternative claims under sections 6651(a) and 6653(a). The additions under section 6653(b) and those under sections 6651(a) and 6653(a) are mutually exclusive and can only be claimed and imposed in the alternative. See sections 6653(b) and (d). Therefore, it is clear to this Court that the issues with respect to the alternative claims properly pleaded and raised by respondent remain viable and unresolved. In view of these facts and the applicable law, we do not read or interpret the opinion of the Court of Appeals as *138 precluding the consideration of these unresolved issues by this Court at this time. It was then ordered that the case be placed on the Pittsburgh Trial Session for July 26, 1982, for further proceedings or to receive such motions, briefs, stipulations or proposed decision, which the parties might submit, looking to the disposition of the unresolved issues remaining in this case. Because of an accident and injury the petitioner was not able to be present at the hearing on July 26, 1982. Respondent filed on that date a Motion for Entry of Decision. Petitioner filed a response to the motion on August 11, 1982, and respondent filed a reply to the petitioner's response on September 7, 1982. After consideration of the motion, the response and the reply, and review of the entire record in this case, we have concluded that no further trial or hearing is necessary to dispose of the two unresolved issues. Petitioner has given no indication in his response that he intends to offer any additional evidence with respect to the additions to tax under sections 6651(a) and 6653(a). He has only attempted to raise extraneous issues which have no direct bearing on respondent's determinations *139 herein. Consequently, we think respondent has carried his burden of proof on these issues and this Court may enter its decision on the existing record. As to the section 6651(a) additions to tax, the record clearly shows that the petitioner failed to file Federal income tax returns for each of the years 1972 through 1976. Even the purported 1972 and 1973 amended forms were not income tax returns because the petitioner did not provide sufficient information to compute his income tax liabilities and he failed to sign the purported returns under penalties of perjury. See Cupp. v. Commissioner,65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); United States v. Porth,426 F.2d 519 (10th Cir. 1970); Reiff v. Commissioner,77 T.C. 1169, 1176-1178 (1981), and the cases cited therein. There is also nothing in this record which shows that the petitioner's failure to file returns for the years in issue was due to reasonable cause and not due to willful neglect. In our judgment his stated grounds for failing to file his income tax returns are all unreasonable and principally founded on *140 his disagreements with governmental policies. See Richardson v. Commissioner,72 T.C. 818, 827 (1979). Moreover, with respect to the year 1974, the petitioner's plea of guilty to willfully failing to file an income tax return, pursuant to an indictment under section 7203, collaterally estops him from denying the section 6651(a) addition to tax for that year. [3] Cf. Arctic Ice Cream Co. v. Commissioner,43 T.C. 68 (1964); Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Accordingly, we hold that the petitioner is liable for the section 6651(a) additions to tax for each of the years 1972 through 1976. As to the section 6653(a) additions to tax, the evidence clearly establishes *141 that the petitioner was negligent and that he intentionally disregarded respondent's rules and regulations. He was paid substantial wages by U.S. Steel Corporation for each of the years which were not reported on tax returns. He filed false Forms W-4E with his employer. He was fully aware of his duty to file Federal income tax returns. Through a series of "protest type" documents to various government officials, all actions and statements by the petitioner were aimed at not admitting, disclosing or paying his income taxes. [4]Cupp v. Commissioner,supra;Reiff v. Commissioner,77 T.C. at 1180-1181. Therefore, we hold that the petitioner is liable for the section 6653(a) additions to tax for the years 1972 through 1976. *142 In his response to respondent's motion for entry of decision, the petitioner stated: What must eventually be determined, either here or in Federal Court, is why Respondent willfully stopped Petitioner's withholding tax for five years. Petitioner will submit evidence and arguments at future proceedings to indicate that the cessation of withholding was planned to punish a dissenting taxpayer. Petitioner submits that such action is outside the province of the Respondent and is therefore a conspiracy to deprive Petitioner of his rights. It is therefore the Respondent who should be collaterally estopped from collecting said taxes, and should in fact be required to repay to Petitioner all money illegally confiscated from petitioner's salary (without due process, incidentally) in this and related cases. These statements and assertions relating to the "cessation" of income tax withholding have no relevance with respect to the sections 6651(a) and 6653(a) additions to tax. Moreover, it was the petitioner, not the respondent, who filed false Forms W-4E, which caused his employer to stop withholding Federal income taxes for the years 1973 through 1976. In any event, this Court does *143 not have jurisdiction to decide the questions raised by petitioner concerning the witholding and collection of taxes owed by him for the years in controversy. Crowther v. Commissioner,28 T.C. 1293, 1301 (1957), affd. on this issue 269 F.2d 292 (9th Cir. 1959); Huntington National Bank v. Commissioner,13 T.C. 760, 773 (1949). Accordingly, respondent's motion for entry of decision will be granted. [5]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue herein. ↩
2. This Court and the Court of Appeals have previously sustained respondent's determinations with respect to the income tax deficiencies and additions to tax under section 6654. However, the Court of Appeals reversed this Court's decision that the petitioner was liable for the additions to tax under section 6653(b) for fraud.↩
3. Petitioner asserts in his response to respondent's motion that his conviction under section 7203 was a "miscarriage of justice" because his guilty plea was induced by a statement of the District Court Judge that if petitioner did not plead guilty to reduced charges, he would direct the jury to reach a guilty verdict. We think this belated attempt to collaterally attack the judgment of conviction is without merit.↩
4. Illustrative of such statements is the following excerpt from a letter dated April 3, 1975, sent by the petitioner to then Treasury Secretary Simon: 1. My basic reason for refusing to pay the Income Tax is that the United States Government has been taken over by an internal enemy, specifically by International Socialists, who have used the Income Tax and the Federal Reserve System to destroy simultaneously the economy and the freedom of the United States. All key members of "our" government are members of the Council on Foreign Relations, a secret organization whose goal is now openly proclaimed as the establishment of a "New World Order." Obviously, anyone who swears to uphold the Constitution of the United States, yet who works for a merger of our country into a One-World Government, is guilty of treason. Were I to contribute willingly to such an effort, I, too, would be a traitor. Hence, I will never again contribute voluntarily so much as one cent to the Federal Government, so long as it continues its destruction of the United States Constitution.↩
5. On October 1, 1982, the petitioner filed a motion for the entry of a decision in his favor. We find the contents of the motion to be frivolous, groundless and wholly without merit. Therefore, his motion will be denied.↩